571 A.2d 543

Martin CASSIDY, Appellant,

v.

ABINGTON TOWNSHIP and Officer Robert Hughes, Appellees.

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 1989.

Decided March 8, 1990.

638

Donald J. Cassidy, Philadelphia, for appellant.

Charles Jay Bogdanoff, with him, Charles P. Menszak, Jr., Gekoski & Bogdanoff, P.C., Philadelphia, for appellees.

Before DOYLE, BARRY and PALLADINO, JJ.

PALLADINO, Judge.

Martin Cassidy (Appellant) appeals from an order of the Court of Common Pleas of Montgomery County (trial court), which granted the motion for summary judgment of the Township of Abington (Township) and Township Officer Robert Hughes (Hughes) (collectively, Appellees), dismissing Appellant's action for damages for false arrest and imprisonment and malicious prosecution. We affirm.

At 2:15 a.m., Appellant drove into a yard, damaging the car he was driving and some shrubbery, then, after traveling an additional ⅓ of a mile, abandoned the car and his two passengers and continued on foot. Hughes, responding to an accident report, questioned the two passengers, who stated that they had been in an accident and identified Appellant as the driver as he was returning to the car. Hughes placed Appellant and the two passengers in the patrol car, returned to and inspected the accident scene, and then proceeded to the police station. During the drive to

the station, Appellant vomited in the rear seat of the patrol car.

At the station, Appellant took a breath test, which indicated that his blood alcohol content was .13. Thereafter, Hughes gave Appellant a form which listed his constitutional rights. Appellant wrote yes and his initials after each right, indicating that he understood his rights, and signed the form at the bottom. Hughes issued a criminal complaint charging Appellant with driving under the influence of alcohol, reckless driving, and failing to stop at the scene of an accident. When Hughes did not attend the preliminary hearing on the complaint, it was dismissed. No further action has been taken on the criminal charges.

Appellant filed a complaint against Appellees, seeking compensatory and punitive damages for false arrest and imprisonment[1] and malicious prosecution.[2] Appellees filed an answer and in new matter raised the affirmative defense of immunity on behalf of both the Township and Hughes. The trial court granted Appellees' motion for summary judgment, concluding that no material facts were in dispute and that as a matter of law the Township and Hughes were immune under 42 Pa.C.S. §§ 8541 and 8545 respectively.

On appeal to this court,[3] Appellant raises the following issues: (1) whether Hughes had probable cause to arrest

1. For an action of false arrest to succeed, it must appear that the process used for the arrest was void on its face. *Lynch v. Johnston,* 76 Pa.Commonwealth Ct. 8, 463 A.2d 87 (1983).

2. To succeed in an action for malicious prosecution, the plaintiff must prove that the defendant instituted proceedings against the plaintiff (1) without probable cause, (2) with malice, and (3) the proceedings must have terminated in favor of the plaintiff. *Kelley v. General Teamsters, Chauffeurs, and Helpers, Local Union 249,* 518 Pa. 517, 544 A.2d 940 (1988).

3. Our scope of review of a trial court's grant of summary judgment is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Huber v. Department of Transportation,* 122 Pa.Commonwealth Ct. 82, 551 A.2d 1130 (1988). A motion for summary judgment may properly be granted when the moving party establishes that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.*

Appellant; (2) whether Hughes improperly questioned Appellant without Miranda warnings; and (3) whether the dismissal of the criminal complaint because of Hughes' failure to attend the preliminary hearing constitutes a favorable termination of a criminal prosecution.

Initially we note that a township is not liable for injuries caused by the acts of its employee which constitute a crime, actual fraud, actual malice or willful misconduct. 42 Pa. C.S. § 8542(a)(2). Because Appellant does not dispute the trial court's conclusion that he is seeking damages for injuries caused by Hughes' alleged malicious and reckless conduct, the question of the Township's immunity is not presently before this court.

■ As to Hughes' liability, in an action brought against a township employee for damages arising from the performance of the employee's duties, the employee may assert the defense of official immunity, including in part that the employee's conduct was authorized or required by law. 42 Pa.C.S. § 8546(2). The defense of official immunity is not available when it is judicially determined that the employee's acts, which caused the injury, constitute a crime, actual fraud, actual malice or willful misconduct. 42 Pa.C.S. § 8550.

The trial court determined that although Appellant's complaint alleges that Hughes' actions constitute actual malice and willful misconduct, the undisputed facts of the case do not support this allegation. There is no factual dispute that shortly after having an accident while driving under the influence of alcohol, Appellant informed Hughes that he had been driving. During Hughes' investigation, Appellant voluntarily submitted to a breath test, which indicated that his blood alcohol content was .13, which, under section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, presumes the driver was under the influence. Appellant answered a few questions about the accident and was driven home by Hughes. Hughes' actions do not constitute actual malice or willful misconduct. Therefore the defense of official immunity is available to Hughes.

As to the first issue raised by Appellant on appeal, he argues that because Hughes did not observe Appellant driving the car, he lacked probable cause to arrest Appellant. We note that an officer is authorized to arrest without a warrant any person who the officer has probable cause to believe has been driving under the influence of alcohol, regardless of whether the alleged violation was committed in the presence of such officer. Section 3731(c) of the Vehicle Code, 75 Pa.C.S. § 3731(c). In the present case, that Hughes did not see Appellant driving is irrelevant because Hughes was told by the two passengers and admitted by Appellant himself, that Appellant had been driving. We conclude that the arrest was authorized by law.

As to the second issue, Appellant argues that he was questioned for 30 minutes at the station prior to receiving his Miranda warnings. The law requires that Miranda warnings be given prior to custodial questioning. However, the failure to give Miranda warnings is relevant only to the admissibility of a suspect's unwarned statements. Hughes was clearly authorized to question Appellant, whom he had probable cause to believe had committed the crimes charged, and the admissibility of evidence secured from the interrogation is not before us.

We need not address Appellant's third argument that the dismissal of the criminal complaint was a termination of the proceeding in his favor. Because Appellant has not carried his burden as to the first two elements of a cause of action for malicious prosecution, our resolution of this issue would not be dispositive.

Accordingly, we affirm.

## ORDER

AND NOW, March 8, 1990, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.