578 A.2d 53

**Randall LEONARD, Appellant,**

**v.**

**Dale COLE, Towanda Police Department and Borough of Towanda, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 5, 1990.

Decided July 2, 1990.

Reargument Denied August 31, 1991.

Petition for Allowance of Appeal
Denied Jan. 14, 1991.

Gerald A. Kinchy, DeSisti and Keeffe, Sayre, for appellant.

Paul A. Barrett, with him, Johanna L. Gelb, O'Malley, Harris & Schneider, P.C., Scranton, for appellees.

Before COLINS, PALLADINO and McGINLEY, JJ.

PALLADINO, Judge.

Randall Leonard (Appellant) appeals from an order of the Court of Common Pleas of Bradford County (trial court), which granted in part the motion for summary judgment filed by Dale Cole (Cole), Towanda Police Department and

the Borough of Towanda (Appellees) and dismissed Appellant's false imprisonment, defamation and civil rights claims. We affirm in part and reverse and remand in part.

On November 3, 1986, a man unknown to Jeanne Brown (Brown) forced his way into her automobile and demanded that she give him a ride from Towanda, Pennsylvania to Sayre, Pennsylvania. The man identified himself as "Randy" and indicated that he lived at the Irish Inn in Sayre. At some point "Randy" allegedly fondled Brown's legs and breasts and tried to kiss her. Brown drove "Randy" to the Irish Inn as he demanded, and then went home.

The next day, Brown reported the incident to the police, describing the man in her car as wearing blue pants, boots and a blue coat, weighing between 225 and 250 pounds, with light brown and blonde hair. Officer Cole requested and Brown completed a written statement.

Cole called the Sayre police department and requested that an officer go to the Irish Inn to find someone named "Randy" in order to determine his last name for the purposes of preparing a criminal complaint. Cole gave the Sayre police department a verbal description of the man identified by Brown, but had no record of what description he gave. A Sayre police officer reported back to Cole that he had found someone named Randy Leonard at the Irish Inn who fit the description given by Cole. Relying on the Sayre police officer's statement, Cole prepared a criminal complaint and affidavit of probable cause, which were approved by the district attorney. Cole then presented these documents to a district justice, who issued an arrest warrant for Appellant. Appellant was arrested pursuant to this warrant, and several days later it was discovered that Appellant was not the individual who had committed the assault. Appellant was released from custody at that time.

Subsequent to his release, Appellant filed a complaint against the Appellees alleging false imprisonment, battery, defamation and violation of his civil rights. After discovery was completed, a motion for summary judgment was filed

by the Appellees, which was granted in part. This appeal followed.

On appeal to this court Appellant raises three issues: (1) whether the trial court erred in granting summary judgment because material issues of fact were in dispute; (2) whether probable cause to arrest Appellant existed; and (3) whether the trial court erred by preempting the function of the jury in finding the existence of probable cause for arrest.

 Our scope of review of a trial court's grant of summary judgment is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Cassidy v. Abington Township,* 131 Pa. Commonwealth Ct. 637, 571 A.2d 543 (1990). A motion for summary judgment may be granted when the moving party establishes that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.*

 The pivotal question in this case is whether the determination of probable cause is a question of fact for the jury or a question of law for the judge. Probable cause is defined as "a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that the party is guilty of the offense." *Miller v. Pennsylvania R.R. Co.,* 371 Pa. 308, 314, 89 A.2d 809, 811–12 (1952).

In *Simpson v. Montgomery Ward & Co.,* 354 Pa. 87, 91, 46 A.2d 674, 676 (1946) the supreme court stated that:

There is no principle more firmly imbedded in the law than the principle that in case of malicious prosecution, the question of want of probable cause for the criminal prosecution which gave rise to the civil action, is a question *not for the jury but for the court.* We have said so in a long line of cases. (Emphasis in original.)

In *Kelley v. General Teamsters, Chauffeurs, and Helpers, Local Union 249,* 518 Pa. 517, 544 A.2d 940 (1988) the supreme court did recognize that the existence of probable

cause may be submitted to the jury when facts material to the issue of probable cause are in controversy.

However, the court continued by stating that "[c]riminal proceedings initiated upon advice of counsel are conclusively presumed to be supported by probable cause when the advice of counsel was sought in good faith and the advice was given after full disclosure of the facts to the attorney." *Kelley*, 518 Pa. at 521, 544 A.2d at 942. In the instant case, the police officer consulted with the district attorney prior to presenting the complaint and affidavit to the magistrate. Officer Cole testified that the district attorney reviewed the complaint and affidavit of probable cause and found the information complete and descriptive enough of the individual to warrant arrest, and advised Officer Cole to go ahead and file the complaint. N.T. at 37. Accordingly, we conclude that probable cause for the arrest existed, and that summary judgment on the false imprisonment and defamation counts was proper.

Our discussion, however, is not complete because the count under the civil rights act is controlled by federal law, not state law. In *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) the United States Supreme Court held that a police officer enjoys qualified immunity from damage actions when his request for a warrant allegedly causes an unconstitutional arrest. Only when the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, will the shield of immunity be lost. *Id.* In reaching this conclusion, the court applied the objective reasonableness standard which it had established in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

In *Leon* the issue before the court was whether there was a good faith exception to the fourth amendment exclusionary rule when a search warrant was issued by a magistrate but ultimately found to be invalid. The court held that searches pursuant to a warrant are normally sufficient to establish that a law enforcement officer has acted in good faith in conducting the search and the only inquiry is

confined to the "objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrates' authorization. In making this determination, all of the circumstances—including whether the warrant application had previously been rejected by a different magistrate—may be considered." *Leon,* 468 U.S. at 922 n. 23, 104 S.Ct. at 3420 n. 23. In looking at the objective reasonableness the court can consider the knowing or reckless falsity of the affidavit, the failure of the magistrate to perform his duty in a neutral and detached manner and the fact that the affidavit did not provide the magistrate with a substantial basis for determining the existence of probable cause. In *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) the United States Supreme Court held that the objective reasonableness of an action is a question of law that a judge may appropriately determine on summary judgment.

In the present case, the record does not contain as an exhibit the affidavit of probable cause which the officer completed and presented to the magistrate. The trial court's grant of summary judgment without noting the absence of this document was an abuse of discretion. Accordingly, the grant of summary judgment on the civil rights claim must be reversed and remanded for proceedings consistent with this opinion.

CRUMLISH, Jr., former President Judge, did not participate in the decision in this case.

### ORDER

AND NOW, July 2, 1990, the order of the Court of Common Pleas of Bradford County granting summary judgment on the false imprisonment and defamation counts is affirmed. On the civil rights count, the entry of summary judgment is reversed and the case is remanded for proceedings consistent with the opinion of this court.

Jurisdiction relinquished.