## Vonstein v. Society for the Prevention of Cruelty to Animals

*Douglas N. Engleman,* for plaintiffs.
*Paul W. Grego,* for defendant.

BROWN, *J.,* July 30, 1993—This matter comes before the court upon defendants' motion for summary judgment.

The parties agree that Count III of plaintiffs' complaint, malicious prosecution, is the sole active count. Counts I and II are dismissed as the action for slander was commenced more than one year after the alleged slanderous utterances of defendants.

The basis for defendants' motion is that defendants are immune from suit under 18 Pa.C.S. §5511(i), which states, "an agent of any society or association for the prevention of cruelty to animals incorporated under the laws of the Commonwealth, shall have the same powers to initiate criminal proceedings provided for police officers by the Pennsylvania Rules of Criminal Procedure." The court agrees that agents of the S.P.C.A. have powers equivalent to police officers to initiate criminal proceedings; however, the statute by its language does not confer

similar privileges to S.P.C.A. agents. We cannot accept the implication or assumption that S.P.C.A. agents have equivalent privileges to police officers as regards immunity when there is simply no language in the statute to indicate such is true.

Even if an equivalent privilege was recognized, however, immunity would not apply to defendants in this case as the charge is malicious prosecution. Police officers do not receive immunity for malicious prosecution, so even if S.P.C.A. agents have equivalent privileges, certainly such immunity would not apply therein. *Alvarez v. Shaffer,* 27 D.&C.3d 43 (1982); *Cassidy v. Abington Township,* 131 Pa. Commw. 637, 571 A.2d 543 (1990). The defense of official immunity is not available when it is determined that the officer's acts, which caused the injury, constitute a crime, actual fraud, actual malice, or willful misconduct.

An action for malicious prosecution necessarily involves the element of malice. In an action for malicious prosecution, it is plaintiffs' burden to prove that defendants instituted the proceedings (1) without probable cause, (2) with malice, and (3) that the proceedings terminated in favor of plaintiffs. Absence of probable cause is an indispensable element in an action for malicious prosecution. Where there is a variance in testimony which creates factual issues upon which determination of probable cause must be made, a jury must be utilized to determine such facts. *Alvarez, supra* at 52. The question in the instant case becomes whether evidence elicited from the pleadings, interrogatories, admission and deposition present a factual conflict best suited for determination by a jury.

Upon review of the record, which consists of the pleadings, we feel there is a factual issue as to probable cause and the requisite malice.

## ORDER

And now, July 30, 1993, for the reasons set forth in the above opinion, the court will grant defendants' summary judgment motion as to Counts I and II of plaintiffs' complaint. The court will dismiss defendants' summary judgment motion as to Count III of plaintiffs' complaint.