548 A.2d 1330

Vincent X. Yakowicz, Appellant *v.* Arthur T. McDermott, Appellee.

*Laura Fredricks,* Deputy Attorney General, with her, *Gregory R. Neuhauser,* Senior Deputy Attorney General and *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, for appellant.

*Spero T. Lappas, Stefanon & Lappas,* for appellee.

OPINION BY JUDGE PALLADINO, October 18, 1988:

Vincent X. Yakowicz (Appellant) appeals from an order of the Court of Common Pleas of Dauphin County denying his post-trial relief motion for judgment notwithstanding the verdict (JNOV) or a new trial. For the reasons which follow, we reverse the denial of Appellant's post-trial motion for JNOV and order the trial court to enter judgment in favor of Appellant.

Arthur T. McDermott was hired by the Pennsylvania Department of Treasury (Treasury) on March 28, 1983 for the position of deputy counsel. He was assigned to assist Appellant, who was Treasury's Chief Deputy Counsel. On July 22, 1983, Appellant wrote McDermott a memo entitled "You Or I Are Leaving." The memo contained Appellant's derogatory evaluation of McDermott's work on three projects Appellant had assigned to McDermott. Language used in the memo was profane and crude. In addition to giving this memo to McDermott, Appellant circulated it to his three superiors—the Treasurer, the Deputy Treasurer and Treasury's Chief Counsel. After McDermott read the memo, he requested and had a meeting with the Treasurer, the Deputy Treasurer, and Treasury's Chief Counsel. As a result of this meeting, McDermott resigned his position effective September 30, 1983. In the interim between the meeting and September 30, 1983, McDermott was reassigned to work with Treasury's Chief Counsel.

On May 2, 1984, McDermott filed a civil action against Appellant, based on the memo, containing two counts. One count alleged defamation and the other false light.[1] A jury trial was held, during which the trial court granted Appellant's motion for a non-suit on the false light count. On the defamation count, the jury returned a verdict in favor of McDermott in the amount of $60,000 in compensatory damages and $10,000 in punitive damages. Appellant filed a post-trial motion for JNOV or a new trial; McDermott filed a post-trial motion for a new trial on the amount of damages he should receive. The trial court denied both post-trial motions. The verdict was reduced to judgment and docketed on October 14, 1987. Appellant filed a timely notice of appeal to this court.

Appellant asserts that JNOV should have been entered in his favor because as a matter of law (1) he is immune to liability for defamation because of his government position and (2) the memo, in the context in which it was written, is not defamatory.[2] Appellant requests that we reverse the trial court's denial of his motion for JNOV and direct the trial court to enter judgment in his favor. Our scope of review from the refusal to enter JNOV is limited to determining whether the trial court committed an abuse of discretion. *Maloney v. City of Philadelphia,* 111 Pa. Commonwealth Ct. 634, 535 A.2d 209 (1987). JNOV is an extreme remedy and

---

[1] False light is a form of invasion of privacy which consists of publicity which places the plaintiff in a false light in the public eye. For a description and the history of this tort *see* Keeton, Dobbs, Keeton & Owen, Prosser and Keeton on Torts 863-866 (5th ed. 1984).

[2] Because we conclude that Appellant is immune to the imposition of liability because he was acting within the scope of the duties of his government position, we will not address the issue of whether the memo was defamatory.

should be entered only in a clear case after the evidence and all reasonable inferences derived therefrom have been evaluated in the light most favorable to the verdict winner. *Id.* The Pennsylvania Supreme Court has defined abuse of discretion as follows:

> ' "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." '

*Women's Homoeopathic Hospital of Philadelphia Case,* 393 Pa. 313, 316, 142 A.2d 292, 294 (1958).

The immunity from the imposition of liability enjoyed by those individuals holding positions with the Commonwealth is an aspect of sovereign immunity. The Pennsylvania Supreme Court abrogated common law sovereign immunity in *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978). In response, the General Assembly enacted legislation codifying sovereign immunity which can be found at 1 Pa. C. S. §2310. This section states:

> **Sovereign Immunity Reaffirmed; Specific Waiver**
>
> Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and *its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.* When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees

> shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 . . . unless otherwise specifically authorized by statute. (Emphasis added.)

The provisions of Title 42 which address the immunity of the Commonwealth, its officials and employees are currently found at 42 Pa. C. S. §§8521-8528. Because Appellant asserts immunity to suit on the basis of his position with the Commonwealth, any determination as to his immunity from liability in this defamation suit necessitates consideration of 42 Pa. C. S. §§8521-8528.

Appellant asserts that at the time he wrote the memo he was a high public official acting within the scope of his duties and therefore entitled to assert the common law defense of "absolute privilege." 42 Pa. C. S. §8524 provides that "[a]n official of a Commonwealth agency . . . may assert . . . defenses which have heretofore been available to such officials." The common law defense of "absolute privilege" was recently described by this court in *Rok v. Flaherty*, 106 Pa. Commonwealth Ct. 570, 573, 527 A.2d 211, 212 (1987), *petition for allowance of appeal denied*, 517 Pa. 628, 538 A.2d 880 (1988):

> Absolute privilege, as its name implies, is unlimited and exempts a high public official from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice *provided the statements are made or the actions are taken in the course of the scope of his authority or as it is sometimes expressed, within his jurisdiction.* (Emphasis in original.)

"Absolute privilege" is clearly a defense made available to Commonwealth officials by 42 Pa. C. S. §8542. As the above description of absolute privilege shows, the de-

fense contains two requirements: the individual asserting it must be (1) "a high public official" (2) acting in the "scope of his authority." The trial court in its opinion denying the parties' post-trial motions specifically found that the memo was a performance evaluation within the scope of Appellant's duties.[3] The evidence of record clearly supports this determination. The question then becomes whether the trial court should have found as a matter of law that Appellant was an official entitled to assert the defense of absolute privilege.

To be considered a high public official, the scope of an individual's position with government must encompass duties such as "responsibility for independent initiation of administrative policy regarding some sovereign function of state government." *Flaherty,* 106 Pa. Commonwealth Ct. at 574, 527 A.2d at 213 (quoting *Balshy v. Rank,* 507 Pa. 384, 390, 490 A.2d 415, 417 (1985)) (emphasis omitted). Appellant asserts that because he had sole responsibility for all statewide Treasury litigation, he meets this criterion. While responsibility for statewide Treasury litigation may endow Appellant with high public official status and cloak him with immunity from liability for defamatory statements made in the course of conducting statewide litigation, official immunity defenses will not protect him under the circumstances of this case.

---

[3] The trial court stated:

The Plaintiff [McDermott] was employed to assist Defendant [Appellant], who had been the sole counsel handling litigations in the Treasurer's Department. The Defendant had considerable experience in handling litigation and Plaintiff was virtually without any experience in handling litigation. It seems unequivocal that the memorandum in question is an evaluation of Plaintiff's performance regardless of how inappropriate the language.

*McDermott v. Yakowicz* (No. 1355 S 1984, filed October 6, 1987), slip op. at 9.

The Pennsylvania Supreme Court in *Dubree v. Commonwealth,* 481 Pa. 540, 393 A.2d 293 (1978), held that official immunity is not absolute but qualified and its availability depends on the circumstances of each case. This court has followed the dictates of the *DuBree* decision in assessing the viability of official immunity in a given case. *See Hall v. Acme Markets,* 110 Pa. Commonwealth Ct. 199, 532 A.2d 894 (1987); *Pine v. Synkonis,* 79 Pa. Commonwealth Ct. 479, 470 A.2d 1074 (1984). What is apparent from examination of these decisions is that to avail oneself of an official immunity defense, the action complained of must involve the sovereign function which gives the individual the status of an official. Appellant's performance evaluation of McDermott's work was not part of any policy making responsibility he may have had for statewide Treasury litigation. Appellant was not the Treasury official with the authority to hire and fire. That responsibility rested with the Treasurer.

Our determination of whether Appellant is immune as a matter of law to liability for defamation in this case does not end with our conclusion that Appellant is not entitled to assert the official immunity defense of absolute privilege. In codifying sovereign immunity, the General Assembly has provided that Commonwealth parties are immune to the imposition of liability for actions taken within the scope of their duties *except* as the General Assembly shall waive that immunity. 42 Pa. C. S. §8522. Commonwealth party is defined as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa. C. S. §8501. Appellant, deputy chief counsel of Treasury, was an employee of a Commonwealth agency at the time he wrote the memo to McDermott, and, as previously noted, the memo was a performance evaluation done within the scope of Appel-

lant's duties. Consequently, Appellant, as a Commonwealth employee, is protected by sovereign immunity from the imposition of liability in the case *unless* the General Assembly has specifically removed the immunity bar to the recovery of damages in defamation actions.[4]

The General Assembly has created exceptions to immunity in nine situations where the acts which cause injury were negligent and damages would be recoverable but for the availability of the immunity defense. 42 Pa. C. S. §8522. These nine exceptions are: (1) operation of any motor vehicle in the possession or control of a Commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions; (3) care, custody or control of personal property in the possession or control of Commonwealth parties; (4) dangerous condition of Commonwealth agency real estate and sidewalks; (5) dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements; (6) care, custody or control of animals in the possession or control of a Commonwealth party; (7) sale of liquor at Pennsylvania

---

[4] The argument that Appellant is immune from liability in this case because he was a Commonwealth *employee* was made in the amicus curiae brief submitted by the Office of General Counsel (Amicus). McDermott asserts that this is a new issue not raised before the trial court and therefore waived pursuant to Pa. R. A. P. 302(a). We disagree. The argument made by Amicus is not a new issue. Defenses to liability available to individuals because of their government position are encompassed by 42 Pa. C. S. §§8522-8528 and must be considered within that context. An argument based on an individual's status as a Commonwealth *employee* rather than his status as a Commonwealth *official* is not a new issue, but rather it is a different argument for why Appellant should be immune to the imposition of liability because he was acting within the scope of the duties of his government position.

liquor stores; (8) acts of a member of the Pennsylvania military forces; and (9) administration, manufacture and use of toxoid or vaccine. 42 Pa. C. S. §8542(b).

The act of publishing a defamatory performance evaluation does not fall within any of the nine exceptions to immunity provided by the General Assembly in 42 Pa. C. S. §8522(b). Therefore Appellant is protected by the shield of sovereign immunity from the imposition of liability for defamation.[5]

Accordingly, the order of the trial court denying Appellant's motion for JNOV is reversed.

## ORDER

. AND NOW, October 18, 1988, the order of the Court of Common Pleas of Dauphin County in the above-captioned case denying Appellant's motion for judgment notwithstanding the verdict is reversed and the court is directed to enter judgment in favor of Appellant.

Judge MACPHAIL did not participate in the decision in this case.

---

[5] We note that the immunity defense provided by the General Assembly to local agencies and their employees in 42 Pa. C. S. §§8541-8564 is lost to local agency employees where their actions which cause injury constitute a "crime, actual fraud, actual malice or willful misconduct." 42 Pa. C. S. §8550. This would permit a defamation action based on malicious publication to be brought against a local agency employee. *See Malia v. Monchak,* 116 Pa. Commonwealth Ct. 484, 543 A.2d 184 (1988). The General Assembly has *not* included any such abrogation of the immunity provided to Commonwealth agency employees.