**Rummings v. Board of Probation and Parole**

*Frank McNaughton,* for plaintiff.
*Mark Morrison,* for defendants.

SMITH, *J.,* April 2, 1992—This opinion is written in response to the preliminary objections filed by defendants to the complaint commencing the instant action. The defendants contend that the plaintiff's complaint should be stricken for use of the term "John Doe" in the caption, rather than naming a specific person or entity. This court

disagrees. The defendants also contend that plaintiff's complaint should be stricken for failure to show a waiver of sovereign immunity in regard to the alleged activities of defendants. This court agrees with this second argument.

## FACTS AND PROCEDURAL HISTORY

The plaintiff initiated the present action by filing a writ of summons. The defendants filed a praecipe seeking a rule directing plaintiff to file a complaint. See praecipe filed on September 23, 1991, rule issued on September 25, 1991. On October 14, 1991, plaintiff filed a complaint in the instant action, alleging that three employees of the Pennsylvania Board of Probation and Parole "intentionally and/or recklessly" beat or otherwise physically abused him. See paragraph 7 of plaintiff's complaint.

The defendants filed preliminary objections to plaintiff's complaint, raising two issues. See preliminary objections filed October 28, 1991. This court will address these issues seriatim.

## DISCUSSION

The first preliminary objection asserted by defendants is in the form of a motion to strike plaintiff's complaint for failure to conform to Pa.R.C.P. 1018. In pertinent part, Rule 1018 states: "The caption of a complaint shall set forth the form of the action and the names of all the parties...."

The defendants contend that plaintiff's use of the phrase "John Doe, an unidentified employee of the Board of Probation and Parole," is not a "sufficient designation" of a party defendant within the contemplation of Pa.R.C.P. 1018. However, its reading of the sparse precedent on this issue leads this court to conclude that the evil to

be prevented by this rule, as expressed by our esteemed colleague Thomas Raup, *P.J.,* is the emersion of an individual in a lawsuit without "notice of the existence of the claim," nor an "opportunity to muster and preserve evidence...." *Rightmire v. Minier,* 12 D.&C.3d 234, 237 (1979); see also *Paulish v. Bakaitis,* 442 Pa. 434, 275 A.2d 318 (1971); *Boatman v. Thomas,* 320 F. Supp. 1079 (M.D. Pa. 1971).

Viewing the facts of the instant complaint in the light most favorable to the plaintiff, this court determines that the unnamed defendant was placed on notice of the existence of a claim and had been afforded an opportunity to muster and preserve evidence at the time of the battery perpetrated on the plaintiff. In addition, this court finds that the description of the unnamed defendant as an employee of the Board of Probation and Parole, combined with his alleged action in concert with two named individuals, renders his identity easily ascertainable by, if not already known to, defendants; therefore, the defendants will not be heard to complain of an alleged inability to formulate a defense due to plaintiff's failure to specifically identify all defendants.

The second preliminary objection asserted by the defendants is in the form of a demurrer to plaintiff's complaint. The defendants contend that the plaintiff's averment of intentional or reckless torts is not within the express waivers of sovereign immunity from civil actions. See 42 Pa.C.S. §8522. Thus, the defendants aver that since they are employees and an entity within the shelter of the doctrine of sovereign immunity, see generally, *Marshall v. Port Authority of Allegheny County,* 524 Pa. 1, 568 A.2d 931 (1990); *Jimenez v. Lakeland's Racing Assoc. Inc.,* 567 F. Supp. 1298 (D.C. 1983), plaintiff would be unable to recover, even if all of the allegations contained in the complaint were true. *Yakowicz v. McDermott,*

120 Pa. Commw. 479, 548 A.2d 1330 (1988), *alloc. denied*, 523 Pa. 644, 565 A.2d 1168 (1989) (civil lawsuits in regard to intentional torts will not lie against the government).

In response to this position, plaintiff's counsel presented a proposed amendment to the complaint at the oral argument scheduled for defendants' preliminary objections, January 7, 1992. After review, it appears to this court that the sole material difference between the original complaint and the proposed amendment lies in the addition of a third alternative averment alleging that the actions of the individual defendants were either intentionally reckless, or negligent. Although constituting a valiant attempt to save a swiftly sinking complaint, this court finds that the mere inclusion of a negligence theory is not sufficient to alter the intentional nature of plaintiff's cause of action. See *Romeo and Juliet*, William Shakespeare, Act II, scene ii (Washington Square Press: New York, 1958) ("What's in a name? That which we call a rose/by any other name would smell as sweet.")[*] The facts alleged in the complaint simply would not support a theory of negligence, and they would also preclude the pleading of any additional facts that would support a negligence claim. This court will not address defendants' several objections to the proffered amendment, since it finds this document to be ineffective in its attempt to evade the doctrine of sovereign immunity.

## CONCLUSION

For the aforementioned reasons, this court issues the following

---

[*] The bard of English literature eloquently demonstrates the logical impotence of plaintiff's attempt to evade the doctrine of sovereign immunity by using the word "negligent" to describe an assault, which is inherently intentional.

## ORDER

And now, April 2, 1992, it is hereby ordered that defendants' preliminary objections, filed on October 28, 1991, are denied in part and granted in part, as follows:

(1) Defendants' preliminary objection in the form of a motion to strike plaintiff's complaint for lack of conformity to law, to wit: Pa.R.C.P. 1018, is denied, and

(2) Defendants' preliminary objection in the nature of a demurrer to plaintiff's complaint is granted, and plaintiff's complaint is dismissed.