**Kevin WILLIAMS, a/k/a Kirby Stewart, Appellant**

**v.**

**Jeffrey A. BEARD, et al., & Department of Corrections, SCI–Somerset.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 13, 2013.

Decided May 23, 2013.

Kevin Williams, a/k/a Kirby Stewart, pro se.

Kemal A. Mericli, Senior Deputy Attorney General, Pittsburgh, for appellees.

BEFORE: PELLEGRINI, President Judge, McGINLEY, Judge, LEADBETTER, Judge, COHN JUBELIRER, Judge, SIMPSON, Judge, LEAVITT, Judge and BROBSON, Judge.

OPINION BY Judge LEADBETTER.

Kevin Williams, a/k/a Kirby Stewart, appeals, *pro se,* from the order of the Court

of Common Pleas of Somerset County (trial court), which granted the motion for judgment on the pleadings filed by Jeffrey A. Beard and the Department of Corrections (DOC) (collectively, Appellees). The trial court dismissed Williams's complaint pursuant to Section 6602(e) of the Prison Litigation Reform Act (Act),[1] which permits a court to dismiss a proceeding if the litigation is frivolous or malicious. We reverse and remand.

On August 2, 2011, Williams filed a complaint against Appellees seeking $71.47 in damages. The complaint alleges the following facts. In October 2009, Williams resided at the SCI–Somerset, where officers damaged his footlocker during a contraband search. Williams showed the damaged footlocker to the prison's chief officer, who said he would "make a note of it." Complaint ¶ 5. Williams then filed a grievance, but it was denied without anyone visiting his cell or examining the footlocker. Williams appealed to the Facility Manager, who upheld the decision. Williams appealed to the Secretary's Office of Inmate Grievances and Appeals, which also upheld the decision. On March 17, 2010, officials transferred Williams to Michigan, at which time officials confiscated his footlocker because of its damaged state.

In his complaint, Williams sought a replacement footlocker or replacement costs for a comparable footlocker. Appellees filed an answer and, subsequently, a motion for judgment on the pleadings seeking to have the case dismissed as frivolous.

The trial court found the complaint to be frivolous because Williams sought only $71.47 in damages: $33.49 for a new footlocker and $37.98 for shipping. Because Williams sought less compensation than the filing fee of $75.00 and had no additional meaningful nonmonetary interest, the trial court found that a reasonable paying litigant would not have filed the same claim and dismissed the complaint as frivolous.

Williams appealed to this court, arguing that the trial court erred by dismissing his claim as frivolous. We agree.

The Act provides indigent prisoners with an opportunity to file prison conditions litigation.[2] Being mindful of this legislation's potential to burden an already overstressed court system, lawmakers included Section 6602 of the Act, which requires a court to dismiss prison conditions litigation if the court determines that the "litigation is frivolous or malicious or fails to state a claim upon which relief may be granted...." 42 Pa.C.S. § 6602(e). *See also Jae v. Good,* 946 A.2d 802, 807 (Pa. Cmwlth.2008).

In dismissing Williams's claim, the trial court relied on its own previous decisions, along with the decision of the United States Court of Appeals for the Third Circuit in *Deutsch v. United States,* 67 F.3d 1080 (3d Cir.1995), which analyzed Section 1915 of the Federal Prison Litigation Reform Act, 28 U.S.C. § 1915.[3] That section, like 42 Pa.C.S. § 6602(e), provides that "the court shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). In *Deutsch,* a prisoner sued on his claim that guards took writing pens worth $4.20.

---

1. 42 Pa.C.S. § 6602(e).

2. "Prison conditions litigation" is defined in the Act as: "[a] civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison." 42 Pa.C.S. § 6601.

3. Codification of the federal act is scattered.

The *Deutsch* court noted that the federal statute does not define the term "frivolous," and that in enacting Section 1915, Congress was concerned about overwhelming the courts with abusive claims. The court concluded that the legislative intent was not to use the term frivolous "in a legal sense only,"[4] *i.e.*, limited to claims which were legally or factually meritless, and adopted a broad definition which included the more commonplace meaning "of little or no weight, value or importance...." 67 F.3d at 1085. Thus, the court held that "a court may dismiss an *in forma pauperis* claim as frivolous if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." *Id.* at 1082. The court went on to define this standard for federal district courts:

> To find that an *in forma pauperis* litigant's claim is trivial, a court must be satisfied that the record supports a finding that a reasonable paying litigant would not have filed the same claim after considering the costs of suit. Accordingly, the court must first find the actual amount in controversy under the claim presented and determine whether the amount in controversy is less than the expense of the court costs and filing fees. If the court so determines, then the claim is a candidate for dismissal as frivolous under [Section 1915].
>
> . . . .
>
> The court must next determine whether the litigant has a meaningful nonmonetary interest at stake under the claim, such that service of the complaint and an allocation of the court's resources for its adjudication is warranted, despite the fact that the claim is economically trivial....

The relevant guidepost for a district court is whether a reasonable paying litigant would have paid the court costs and filing fees to bring the same claim.

*Id.* at 1089–90 (footnotes omitted). Accordingly, in this case, the trial court dismissed Williams's claim because the filing fee exceeded the amount in controversy. The trial court stated:

> Essentially, an ordinary citizen who had to pay his own costs of litigation would not consider pursuit of a simple monetary claim for less money than the costs of filing the claim with the court. In addition, the citizen would have to give consideration of the attorney fees, sheriff service costs, copying costs, plus the time and effort to appear in court.

Trial Court Opinion at 2.

■ In so holding, the trial court did not misapply the holding in *Deutsch.* Nonetheless, we reverse the trial court because we must reject the *Deutsch* paradigm. Unlike the federal statute, which does not define the term "frivolous," our Act defines the term as "[l]acking an arguable basis either in law or in fact." 42 Pa.C.S. § 6601. We believe this to be a critical difference. Our courts simply do not have the flexibility to adopt the expansive definition adopted by our federal counterparts.

We do not interpret the Act as requiring our courts to waste time on nonsense, such as a suit to recover the value of a lost pack of gum. Therefore, we do not rule out the possibility that a suit seeking monetary compensation so trifling as to render the claim devoid of genuine merit, or to give rise to an inference that it is brought simply for purposes of harassment, may well be deemed frivolous under our Act. However, this is plainly not such a case.

---

4. 67 F.3d at 1086.

While the footlocker in question was not of great value, neither was it trivial. To measure frivolousness by measuring the amount in controversy against the cost of the filing fee in the court of common pleas [5] would be in derogation of the definition of the term under our Act.

Accordingly, we reverse the order of dismissal and remand for further proceedings in accordance with this opinion.

Judge SIMPSON dissents.

## *ORDER*

AND NOW, this 23rd day of May, 2013, the order of the Court of Common Pleas of Somerset County is reversed and remanded for further proceedings in accordance with this opinion.

Jurisdiction relinquished.

---

**5.** We note that this claim could not have been brought in the magisterial district courts, which are designed for small claims and where costs are significantly lower.