# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thomas Anderson, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Superintendent Coleman; Deputy | : | |
| Armel; Captain Trempus; Lieutenant | : | |
| Bursey; Officer Shipley; Officer | : | |
| Jennings; Doctor Herbic; Mrs. Berrier | : | |
| Mrs. Mankey, Unit Manager; Captain | : | |
| PA State Trooper B Area 4, | : No. 179 M.D. 2016 | |
| Respondents | : Submitted: October 21, 2016 | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                              FILED: November 14, 2016


Before this Court in our original jurisdiction are preliminary objections filed by Respondents Superintendent Coleman, Deputy Superintendent Armel, Intelligence Security Captain Trempus, Corrections Officers Bursey, Shipley and Jennings, Health Care Administrator Berrier, Unit Manager Mankey (Corrections Respondents) and Dr. Herbik[1] (collectively, Respondents) to an

---

[1] Dr. Herbik, incorrectly identified in the petition for review as Dr. Herbic, is separately represented in this action and, therefore, filed his own separate preliminary objections. We note that while the caption of the amended petition lists a "Captain PA State Trooper B Area 4" as a respondent and the body of the petition refers to a "Defendant Epstein" allegedly with the

**(Footnote continued on next page…)**

amended petition for review filed by *pro se* petitioner Thomas Anderson (Anderson) seeking declaratory relief and compensatory damages for various constitutional claims and intentional torts.[2] For the reasons that follow, the preliminary objections are sustained.

Anderson, an inmate, brought this action for an incident that occurred when he was incarcerated at SCI Fayette.[3] According to his amended petition,[4] on January 14, 2011, Anderson was involved in a physical altercation at SCI Fayette with Officer Shipley and both individuals fell to the ground. Twelve unnamed corrections officers responded to the altercation and punched and kicked Anderson while handcuffing him behind his back. While the other officers held Anderson down, Officer Shipley struck Anderson in his face with a closed fist approximately

---

**(continued…)**

Pennsylvania State Police, it does not appear that any individuals from the State Police have been properly served and no counsel has entered an appearance on behalf of any State Police Respondent.

[2] Because Anderson failed to file an appropriate brief in opposition to either set of preliminary objections, despite being granted an extension of time in which to do so, on October 17, 2016, we issued an order stating we would consider the Respondents' preliminary objections without Anderson's brief.

[3] Anderson filed his initial petition for review in the Court of Common Pleas of Fayette County (lower court) on January 16, 2013, and an amended petition on February 24, 2014. On March 1, 2016, the lower court issued an order transferring the matter to this Court because the Respondents are state employees.

[4] When addressing preliminary objections, we are "required to accept as true the well-pled averments set forth in the . . . complaint, and all inferences reasonably deducible therefrom." *Pa. State Lodge, Fraternal Order of Police v. Department of Conservation & Natural Resources*, 909 A.2d 413, 415 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007).

35 to 45 times. Lieutenant Bursey witnessed the incident and failed to intervene. Anderson also alleges that Officer Jennings then lifted him by his arms and dragged him throughout the institution.

Once in the medical department, Anderson told Administrator Berrier that he had been assaulted. Lieutenant Bursey and Officer Jennings verbally abused and threatened him. Anderson told Dr. Herbik that he had been assaulted, but Dr. Herbik failed to report the assault and refused to examine Anderson. Dr. Herbik instructed a physician's assistant to place stitches in Anderson's eye and cheek areas.

Anderson claims he was then placed in the restricted housing unit (RHU) without a blanket or mattress and with no clothing other than a suicide gown. Anderson contacted Superintendent Coleman, Deputy Superintendent Armel and Captain Trempus via inmate request slips, advising them that he had been assaulted and was forced to reside in a bare cell without protection from the cold, but they all refused to answer Anderson's request slips. Anderson filed numerous sick call requests complaining of pain in his neck, back, ribs and face and severe headaches; however, medical personnel did not perform any physical examinations and only prescribed Tylenol for his pain.

Anderson alleges that Officer Shipley's actions amount to excessive force and cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, as well as state law tort claims of assault and battery. He alleges that Officer Jennings' actions and Lieutenant Bursey's failure to intervene also constitute cruel and unusual punishment. Anderson claims that

3

Respondents Coleman, Trempus and Armel's failure to take disciplinary action or otherwise curb the pattern of physical abuse by the officers constitutes deliberate indifference in violation of the Eighth Amendment, and that their failure to remove him from the RHU was a violation of his Eighth Amendment right to be free from cruel and unusual punishment. Finally, Anderson alleges that Dr. Herbik and Administrator Berrier's failure to notify prison officials about the assault constitutes cruel and unusual punishment, and that Dr. Herbik failed to provide him with medical care in violation of the Eighth Amendment.

The Corrections Respondents filed preliminary objections contending that all of Anderson's federal claims against them should be dismissed with prejudice because he failed to exhaust his administrative remedies pursuant to the Department of Corrections' (Department) Inmate Grievance Review System (Grievance Policy), DC-ADM 804.[5] An affidavit was attached to their preliminary objections indicating that Anderson did not file any grievances related to the allegations in the amended complaint, and none of the grievances he did file during the relevant time period were exhausted to final review.

The Corrections Respondents also filed a preliminary objection to Anderson's intentional state tort claims against Officer Shipley, the officer alleged to have beaten him, because Officer Shipley is immune from suit under the Sovereign Immunity Act.[6] *See LaFrankie v. Miklich*, 618 A.2d 1145, 1149 (Pa.

---

[5] The Department's Administrative Directives, including DC-ADM 804, are available at http://www.cor.pa.gov.

[6] 42 Pa. C.S. §§ 8521–8528.

Cmwlth. 1992). Finally, they argue that the federal civil rights claims brought pursuant to 42 U.S.C. § 1983 must fail because Anderson has not demonstrated that Respondents Coleman, Armel, Trempus and Mankey were personally involved in, had actual knowledge of or acquiesced in the conduct of which Anderson complains. *See Rizzo v. Good*, 423 U.S. 862 (1976); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Dr. Herbik[7] filed separate preliminary objections asserting that the claims against him should also be dismissed for failure to exhaust administrative

---

[7] The lower court transferred this matter to this Court because the Respondents were Commonwealth employees. Dr. Herbik's brief notes that he was not an employee of the Commonwealth, but of a private company that contracted with the Commonwealth to provide medical services within state correctional facilities. Though it makes no difference to our analysis, we note that an "employee" is defined for purposes of tort immunity as:

> Any person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not and whether within or without territorial boundaries of the government unit, including any volunteer fireman and any elected officer, member of a governing body or other person designated to act for the governing unit. Independent contractors under contract to the government unit and their employees and agents and persons performing tasks over which the government unit has no legal right or control are not employees of the government unit.

42 Pa. C.S. § 8501. Under this definition, there is no requirement that a person be an employee in the traditional sense, but only that the employee is acting on behalf of the governmental entity. In *Walls v. Hazleton State Hospital*, 629 A.2d 232 (Pa. Cmwlth. 1993), an action was brought by a patient alleging that he received negligent medical care from a doctor employed by a medical group retained as an independent contractor to provide medical services to a state hospital. While the doctor was not a traditional "employee," he was held to be an employee of a Commonwealth party because he fell within the definition as "a person who acted on behalf of the government unit whether on a temporary or permanent basis." *See also County of Schuylkill v. Maurer*, 536 A.2d 479 (Pa. Cmwlth. 1988).

5

remedies, and that Anderson's claims are legally and factually insufficient to make out a claim for cruel and unusual punishment or deliberate indifference.[8]

Regarding the Respondents' preliminary objection to dismiss the amended petition due to Anderson's failure to exhaust his administrative remedies before bringing an action alleging cruel and unusual punishment under the Eighth Amendment to the United States Constitution, the federal Prison Litigation Reform Act (PLRA) states that exhaustion of administrative remedies is mandatory when federal claims are asserted. *See* 42 U.S.C. § 1997e; *Kittrell v. Watson*, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014). Exhaustion must also be "proper" and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

The administrative remedies available at the state prison level are set forth in the Department's Grievance Policy and regulations. Specifically, "Section 93.9 [of the Department's regulations] establishes an inmate grievance system that provides a forum for prison inmates to complain to the Department about problems that arise 'during the course of confinement.' 37 Pa. Code § 93.9." *Morgalo v. Gorniak*, 134 A.3d 1139, 1150 (Pa. Cmwlth. 2016) (quoting *McCray v.*

---

[8] "The court will sustain a preliminary objection if, after accepting all well-pleaded facts as true and accepting all reasonable inferences that follow from those facts, the law will not allow recovery. . . . Only in circumstances that are free from doubt may preliminary objections be sustained." *Humphrey v. Department of Corrections*, 939 A.2d 987, 990 n.4 (Pa. Cmwlth. 2007), *aff'd*, 955 A.2d 348 (Pa. 2008) (citations omitted).

*Department of Corrections*, 872 A.2d 1127, 1131 (Pa. 2005)).  The Department's Grievance Policy and Inmate Handbook provide that:

> the inmate grievance process begins with the filing of a grievance with the Facility Grievance Coordinator. . . . 'The [process] requires an inmate who has received an initial determination on his grievance to appeal to the Superintendent and, thereafter, seek final review with [the Department].  If the inmate fails to complete each of these steps, he fails to exhaust his administrative remedies.'  *Kittrell v. Watson*, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014).

*Morgalo*, 134 A.3d at 1150-51.

Here, there is an affidavit attached to the Corrections Respondents' preliminary objections stating that Anderson has not filed any grievances related to the underlying incident.  Anderson's amended petition also fails to allege that he filed a grievance pertaining to his federal claims, he appealed a grievance officer's decision to final review, or even that he is appealing *any* Department order to this Court, all of which must occur before he is able to maintain his federal claims. Because Anderson has failed to exhaust all administrative remedies, his Section 1983 claims against Respondents for cruel and unusual punishment and deliberate indifference under the Eighth Amendment to the United States Constitution are dismissed.  *See Humphrey v. Department of Corrections*, 939 A.2d 987, 993 (Pa. Cmwlth. 2007), *aff'd*, 955 A.2d 348 (Pa. 2008) (citing *St. Clair v. Board of Probation and Parole*, 493 A.2d 146, 152-53 (Pa. Cmwlth. 1985)).

The Corrections Respondents also assert that Officer Shipley is immune from liability for the intentional torts of assault and battery. It is well established that "when an employee of a Commonwealth agency was acting within the scope of his or her duties, the Commonwealth employee is protected by sovereign immunity from the imposition of liability for intentional tort claims." *LaFrankie*, 618 A.2d at 1149 (citing *Yakowicz v. McDermott*, 548 A.2d 1330 (Pa. Cmwlth. 1988)); *see also Holt v. Northwest Pennsylvania Training Partnership Consortium, Inc.*, 694 A.2d 1134, 1140 (Pa. Cmwlth. 1997) (stating "willful misconduct does not vitiate a Commonwealth employee's immunity because sovereign immunity protects a Commonwealth employee acting within the scope of his or her employment from liability, even for intentional acts which cause emotional distress."). Because Officer Shipley is immune from liability, we will grant the Commonwealth Respondents' preliminary objection and dismiss Anderson's intentional tort claims.

Accordingly, the Respondents' preliminary objections are sustained and Anderson's petition for review is dismissed.[9]

_____
DAN PELLEGRINI, Senior Judge

---

[9] Because of the manner in which we resolve this matter, we do not reach the remainder of the preliminary objections raised by the Respondents.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Anderson,                           :
                          Petitioner        :
                                            :
            v.                              :
                                            :
Superintendent Coleman; Deputy             :
Armel; Captain Trempus; Lieutenant         :
Bursey; Officer Shipley; Officer           :
Jennings; Doctor Herbic; Mrs. Berrier      :
Mrs. Mankey, Unit Manager; Captain         :
PA State Trooper B Area 4,                 :
                          Respondents        :    No. 179 M.D. 2016


**O R D E R**


AND NOW, this 14th day of November, 2016, the preliminary objections filed by the Corrections Respondents and Respondent Dr. Herbik are sustained and the petition for review filed by Thomas Anderson is dismissed.


_____
DAN PELLEGRINI, Senior Judge