562 A.2d 1012

**Albert FREEDMAN, Administrator of the Estate of Jerry Freedman, Deceased, Appellant,**

v.

**CITY OF ALLENTOWN, Pennsylvania, David M. Howells, Sr., Gerald Monahan, Jr. et al., Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 6, 1989.

Decided Aug. 15, 1989.

Richard N. Shapiro, Philadelphia, for appellant.

William A. Slotter, Deputy Atty. Gen., Ernest D. Preate, Jr., Atty. Gen., Allentown, for appellees.

Before CRAIG, DOYLE and PALLADINO, JJ.

CRAIG, Judge.

Albert Freedman, Administrator of the Estate of Jerry Freedman, appeals an order by Judge Davison of the Court of Common Pleas of Lehigh County granting summary judgment to the Pennsylvania Board of Probation and Parole (Board) and to its employee, Frank Kroboth. We affirm.

The undisputed facts are that, on February 7, 1986, the decedent, Jerry Freedman, was arrested for a possible violation of the Pennsylvania prescription laws. After questioning, the Allentown police placed the decedent in an isolated cell in the city jail where, within less than one hour, he committed suicide by hanging himself in the cell.

On February 6, 1987, Albert Freedman filed a wrongful death and survivor complaint against the City of Allentown, five Allentown Police Department personnel, the Commonwealth of Pennsylvania Board of Probation and Parole, and the decedent's parole officer, Frank Kroboth. Specifically, the complaint alleges that Kroboth's status is that of "related health care personnel" who had previous knowledge of the decedent's mental disorders and suicidal tendencies, and

that Kroboth recklessly and negligently failed to pass along that knowledge to the Allentown Police Department.

Kroboth and the Board then filed a motion for summary judgment asserting sovereign immunity for the Board and official immunity for Kroboth, 1 Pa.C.S. § 2310,[1] and that the case does not fall into any of the exception categories of 42 Pa.C.S. § 8522. On October 31, 1988, Judge Davison granted the motion for summary judgment.[2]

Freedman now appeals to this court, claiming that neither the Board nor Kroboth are immune, and contending that Kroboth is a related health care person. Additionally, Freedman asserts that Kroboth's failure to notify the Allentown police of the decedent's mental instability was willful misconduct subjecting him to liability.

■ Freedman argues that, based on Kroboth's job description, parole officers render the type of psychological care that classifies them as health care personnel related to doctors, dentists or nurses. The job description relevantly states:

An employe in this class is responsible for counseling and advising clients on probation and parole to foster personal, social and economic adjustment in the community. Work involves providing counseling and supervision to persons on probation and parole, developing treatment plans for clients, completing pre-sentence investigation reports, investigation of pre-parole plans, Pardon Board investigations, classification summaries and other special investigations.

Exceptions to the absolute rule of immunity must be narrowly interpreted. *Moore v. Pennsylvania Department of Justice*, 114 Pa.Commonwealth Ct. 56, 538 A.2d 111

1. Title 1 Pa.C.S. § 2310 stipulates that "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."

2. A moving party is entitled to a summary judgment as a matter of law when there is no genuine issue as to any material fact. Pa.R.C.P. No. 1035.

(1988). In this instance, the relevant exception is 42 Pa.C.S. § 8522(b)(2), which states as follows:

§ 8522. Exceptions to sovereign immunity.

. . . .

(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

(2) Medical-professional liability.—Acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel.

The three health care *professionals* specified in 42 Pa. C.S. § 8522(b)(2) must receive degrees and be licensed by the Commonwealth to practice in their respective fields. Although knowledge of individual and group behavior are job requirements for Kroboth, no specialized training and certification in counseling is required.

The case of *Steinberg v. Pennsylvania Department of Public Welfare,* 46 Pa.Commonwealth Ct. 105, 405 A.2d 1135 (1979), involved the analogous issue of whether, as intended by the sovereign immunity exception of "medical-professional liability," a youth development center is a medical facility employing workers as health care personnel. This court answered the question in the negative, even though the employees provided counseling and other psychological services for the student-inmates of the institution, and concluded that a rehabilitation center for minors is not a medical facility and that the functions performed by the employees do not qualify them as health care personnel.

Because sovereign and official immunity exceptions must be narrowly construed, we cannot draw the broad conclusion that all professionals, from doctors to clergy, who provide counseling to clientele are "related health care personnel" as contemplated by 42 Pa.C.S. § 8522(b)(2).

Therefore, following the principle set forth in *Steinberg,* we hold that the functions performed by parole officers do not qualify them as health care personnel.

■ The second issue is whether Kroboth's failure to notify the Allentown police of the decedent's alleged "severe mental disability and suicidal tendencies" constitutes sufficient willful misconduct to remove Kroboth from the protection of official immunity. Willful misconduct, if established, would (1) negate liability as to the Board, but (2) subject the employee, Kroboth, to liability.

The Board is not liable where an employee is charged with willful misconduct because sovereign immunity is waived only for "damages arising out of a *negligent act* where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defenses of sovereign immunity." 42 Pa.C.S. § 8522(a) (emphasis added).

However, the parties do not dispute that Kroboth would be liable if willful misconduct was proven. Freedman alleges that Kroboth's behavior constitutes willful misconduct because Kroboth (1) "had intimate knowledge concerning the mental disorders, suicidal tendencies, suicide hesitation cuts and actual suicide attempts"; (2) "counseled, treated, assisted and attended the plaintiff's decedent knowing full well of his fragile mental condition"; (3) "was in contact with the other defendants before and after the arrest of the plaintiff's decedent"; and (4) "willfully, recklessly and negligently failed to bring to the attention of the other defendants, the suicidal nature of the plaintiff's decedent."

Willful misconduct, for the purposes of tort law, has been defined as "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was *certain* to follow, so that such desire can be implied." *King v. Breach,* 115 Pa.Commonwealth Ct. 355, 366–67, 540 A.2d 976, 981 (1988) (citing *Evans v. Philadelphia Trans-*

*portation Co.,* 418 Pa. 567, 212 A.2d 440 (1965) (emphasis added).

Freedman does not allege that Kroboth desired to bring about the decedent's suicide, or that he was actually aware that the decedent would commit suicide. Furthermore, Kroboth is not a professional trained to evaluate psychological tendencies. Therefore, his failure to notify the Allentown police could not be considered anything more than, *if at all,* a negligent act.

Freedman relies on the cases of *Hardmon v. County of Lehigh,* 613 F.Supp. 649 (E.D.Pa.1985), and *Dudosh v. City of Allentown,* 629 F.Supp. 849 (E.D.Pa.1985), for the proposition that a pre-trial motion for summary judgment should be denied when a plaintiff has alleged willful misconduct. However, both district court cases involved motions to dismiss and governmental, not sovereign, immunity situations. *See* 42 Pa.C.S. §§ 8541–8564. Therefore, in addition to not being bound by district court cases, we are not instructed by the cited cases.

The Board is undeniably protected by sovereign immunity. Because Kroboth is not a "related health care" person, he is protected by official immunity. Finally, Freedman's pleadings do not sufficiently support a charge of willful misconduct. Therefore, there are no genuine issues of material fact concerning Freedman's complaint against the Pennsylvania Board of Probation and Parole and Frank Kroboth.

Accordingly, we affirm the sound decision of Judge Davison of the Court of Common Pleas of Lehigh County granting the motion for summary judgment.

## ORDER

NOW, August 15, 1989, the order of the Court of Common Pleas of Lehigh County, dated October 31, 1988, No. 87–C–2806, is affirmed.