618 A.2d 1145

**Patrick J. LA FRANKIE, Appellant,**

**v.**

**Robert A. MIKLICH, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 21, 1992.

Decided Dec. 7, 1992.

Mark S. Sigmon, for appellant.

Gwendolyn T. Mosley, Senior Deputy Atty. Gen., for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY, SMITH, PELLEGRINI and FRIEDMAN, JJ.

SMITH, Judge.

Patrick J. La Frankie appeals from an order of the Court of Common Pleas of Northampton County denying his motion for post-trial relief and granting judgment in favor of Robert Miklich (Trooper Miklich) notwithstanding a jury verdict for La Frankie on an abuse of process claim. The issues on appeal are whether the trial court erred by submitting to the jury the question of whether La Frankie was guilty of the underlying crimes of unlawful use of a credit card and forgery; and whether the trial court properly determined that Trooper Miklich is immune from suit.

## I

Trooper Miklich arrested La Frankie on November 13, 1984 and charged him with unlawful use of a credit card and forgery. The Lehigh County District Attorney entered a nolle prosequi on September 17, 1985. La Frankie and his parents filed a civil action on June 11, 1986 against the Commonwealth of Pennsylvania, the state police, various police officials, Trooper Miklich, and the clerk who worked in the store where the credit card was allegedly unlawfully used and who identified La Frankie as being the person who used it. Trooper Miklich filed an answer to the complaint which included new matter asserting the affirmative defenses of sovereign and official immunity, and subsequently filed a counterclaim. Prior to trial, La Frankie's parents, the Commonwealth, the state police and various police officials were removed from this action. The counterclaim and claim against the store clerk were resolved during trial. Consequently, the surviving claims were La Frankie's allegations that Trooper Miklich abused the legal process and maliciously prosecuted and falsely arrested him.

The trial court charged the jury on the issue of probable cause and submitted to them special verdict interrogatories which directed the jury to determine, inter alia, whether La Frankie was guilty of the crimes charged. During their deliberations, the jury returned to the trial court with the following question "[d]o we have to be sure of Patrick's guilt

or innocence? The jury feel [sic] there is not enough evidence to decide either way." In response, the trial court repeated its previous instruction that it is Trooper Miklich's burden to prove that La Frankie was guilty of the crimes charged; reviewed the standard charge on the burden of proof by a fair weight or the preponderance of the evidence; and instructed the jury to continue deliberating. Subsequently, the jury responded affirmatively to all of the interrogatories presented to them and based on these findings, the trial court determined that Trooper Miklich had probable cause to arrest La Frankie and entered a verdict in Trooper Miklich's favor on the malicious prosecution claim. In addition, the jury determined that Trooper Miklich did not act in reckless disregard or with wanton misconduct, and did not falsely arrest La Frankie. However, the jury found the trooper guilty of abuse of process, but awarded no damages.

La Frankie filed a motion for post-trial relief seeking a new trial contending, inter alia, that the trial court erred by submitting the issue of his guilt to the jury. The trial court denied La Frankie's motion and determined, in pertinent part, that the issue of guilt was "so related to the broader issue of probable cause that it was fairly raised in pre-trial proceedings." As to Trooper Miklich's motion for post-trial relief, the trial court concluded that the trooper was immune from suit because he was an employee of the Commonwealth and was acting within the scope of his employment when he investigated the crimes and arrested and prosecuted La Frankie, and because the jury specifically found that he did not act in reckless disregard or with wanton misconduct.

On appeal to this Court, La Frankie maintains that submission of the issue of his guilt to the jury was error in that Trooper Miklich did not raise the issue as an affirmative defense in his new matter as required by Pa.R.C.P. No. 1030 and thereby waived the defense. La Frankie further maintains that the trial court's action constitutes reversible error as it confused the jury and severely prejudiced his case. With respect to the trial court's grant of judgment notwithstanding the verdict, La Frankie contends that Trooper Miklich was not

entitled to the defense of sovereign immunity because he was not acting within the scope of his employment when he abused the legal process; he engaged in willful or malicious misconduct; and he should be estopped from claiming the protection of sovereign immunity because he was adjudged by a trial court to have violated La Frankie's constitutional rights.[1]

## II

In an action for malicious prosecution, a plaintiff has the burden to establish that the defendant initiated the underlying criminal proceeding without probable cause and primarily for a purpose other than to bring an offender to justice; and that the prosecution terminated in his or her favor. *Carson v. City of Philadelphia*, 133 Pa.Commonwealth Ct. 74, 574 A.2d 1184 (1990); *See also* Restatement (Second) of Torts § 653 (1976). Probable cause is a reasonable ground of suspicion supported by circumstances sufficient to warrant that an ordinary prudent person in the same situation could believe that the party is guilty of the offense. *Miller v. Pennsylvania R.R. Co.*, 371 Pa. 308, 89 A.2d 809 (1952). "[P]robable cause is not ... an actual state of guilt." *Neczypor v. Jacobs*, 403 Pa. 303, 308, 169 A.2d 528, 530 (1961). The Restatement (Second) of Torts § 657 (1976) provides "[t]he fact that the person against whom criminal proceedings are instituted is guilty of the crime charged against him, is a complete defense against liability for malicious prosecution." [2]

1. On appeal from an order denying a new trial, this Court's scope of review is limited to determining whether the trial court committed an error of law which controlled the outcome of the case or abused its discretion where the ruling turned on the weight of the evidence. *DiBuono v. A. Barletta & Sons, Inc.*, 127 Pa.Commonwealth Ct. 1, 560 A.2d 893, *appeal denied*, 524 Pa. 632, 574 A.2d 73 (1989). When considering a trial court's order on a motion for judgment notwithstanding the verdict, this Court's scope of review is very narrow and limited to reading the record in the light most favorable to the verdict winner, granting the verdict winner the benefit of every favorable inference, and determining whether there is sufficient competent evidence to support the verdict. *Wenrick v. Schloemann–Siemag Aktiengesellschaft*, 523 Pa. 1, 564 A.2d 1244 (1989); *DiBuono*.

2. Similarly, to maintain an action for abuse of process, a party must allege that the legal process was perverted and directed toward him or her for a purpose other than that for which the process was designed.

■ In the matter sub judice, La Frankie's cause of action was complete by alleging his arrest by Trooper Miklich without probable cause and the subsequent entry of a nolle prosequi terminating the criminal proceedings in La Frankie's favor. The issue of La Frankie's actual guilt is a different issue and if Trooper Miklich chose to avail himself of this defense, he should have asserted in new matter any averments of fact upon which he based that defense. *See* Pa.R.C.P. No. 1030; *Department of Transportation v. Pace,* 64 Pa.Commonwealth Ct. 273, 439 A.2d 1320 (1982); *Judge v. Celina Mutual Ins. Co.,* 303 Pa.Superior Ct. 221, 449 A.2d 658 (1982). A review of the record clearly indicates that Trooper Miklich did not raise the affirmative defense of La Frankie's guilt but, on the contrary, merely denied La Frankie's allegations that the Trooper acted without probable cause. Thus, the trial court's submission of this issue to the jury was error. However, this Court need not decide whether the error warrants reversal and a new trial because the trial court properly determined that Trooper Miklich was immune from this suit and granted judgment notwithstanding the verdict in his favor.

## III

The trial court granted judgment notwithstanding the verdict to Trooper Miklich because when the Trooper investigated the crimes and arrested and prosecuted La Frankie, he was an employee of the Commonwealth, was acting within the course and scope of his employment, and was therefore protected by sovereign immunity pursuant to 1 Pa.C.S. § 2310.

1 Pa.C.S. § 2310 provides:

[p]ursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall

*McGee v. Feege,* 517 Pa. 247, 535 A.2d 1020 (1987). An action for false arrest, on the other hand, requires that the process used for the arrest was void on its face or that the issuing tribunal was without jurisdiction. *Lynch v. Johnston,* 76 Pa.Commonwealth Ct. 8, 463 A.2d 87 (1983).

continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42. . . .

The exceptions to the sovereign immunity bar to actions against a Commonwealth party are set forth at 42 Pa.C.S. § 8522(b);[3] and a Commonwealth party is defined at 42 Pa.C.S. § 8501 as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment."

This Court has held that when an employee of a Commonwealth agency was acting within the scope of his or her duties, the Commonwealth employee is protected by sovereign immunity from the imposition of liability for intentional tort claims. *Yakowicz v. McDermott,* 120 Pa.Commonwealth Ct. 479, 548 A.2d 1330 (1988), *appeal denied,* 523 Pa. 644, 565 A.2d 1168 (1989). In *Yakowicz,* an employee of the Pennsylvania Department of Treasury acting within the scope of his duties was deemed to be protected by sovereign immunity from the imposition of liability for defamation emanating from a written performance evaluation of McDermott which was circulated to appellant's superiors within the Department. *See also Faust v. Department of Revenue,* 140 Pa.Commonwealth Ct. 389, 592 A.2d 835 (1991), *appeal denied,* 530 Pa. 647, 607 A.2d 257

3. The defense of sovereign immunity shall not be raised to claims for damages caused by: (1) operation of any motor vehicle in the possession or control of a Commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions; (3) care, custody or control of personal property in the possession or control of Commonwealth parties; (4) dangerous condition of Commonwealth agency real estate and sidewalks; (5) dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements; (6) care, custody or control of animals in the possession or control of a Commonwealth party; (7) sale of liquor at Pennsylvania liquor stores; (8) acts of a member of the Pennsylvania military forces; and (9) administration, manufacture and use of a toxoid or vaccine. 42 Pa.C.S. § 8522(b).

(1992) (sovereign immunity protects a Commonwealth employee acting within the scope of his duties from liability for intentional acts which cause emotional distress).

 However, in *Freedman v. City of Allentown*, 128 Pa.Commonwealth Ct. 126, 562 A.2d 1012 (1989), this Court stated that an employee of the Pennsylvania Board of Probation and Parole would be liable for his or her actions if they constituted willful misconduct. Contrariwise, the proper test to determine if a Commonwealth employee is protected from liability pursuant to 1 Pa.C.S. § 2310 and 42 Pa.C.S. § 8522 is to consider whether the Commonwealth employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity. *See Yakowicz.* To the extent that *Freedman* sets forth a proposition which is contrary to the reasoning and holding in *Yakowicz* and the test set forth herein, *Freedman* is overruled.[4]

 Hence, since La Frankie's cause of action emanates from intentional tort claims and Trooper Miklich is a Commonwealth employee, the only question to be resolved to determine if immunity attaches is whether Trooper Miklich was acting within the scope of his duties as a state trooper when he arrested La Frankie and initiated the prosecution. The trial court concluded that Trooper Miklich was acting within the scope of his duties as a state trooper when he investigated the crimes and arrested La Frankie and moreover, La Frankie admitted in paragraph 9 of the complaint that "[a]t all times hereinafter mentioned and relevant hereto, Defendants Miklich and Brooks, were acting as the agents,

4. Local agency employees, however, lose their immunity defense where their actions constitute a crime, actual fraud, actual malice or willful misconduct. *Cassidy v. Abington Township*, 131 Pa.Commonwealth Ct. 637, 571 A.2d 543, *appeal denied*, 527 Pa. 652, 593 A.2d 424 (1990) (applying 42 Pa.C.S. § 8550). The special interrogatories and the trial court's instructions to the jury indicate that the court applied the test for determining whether a local agency employee rather than a Commonwealth employee lost immunity protection.

servants and employees of Defendant Commonwealth, and within the scope of their employment." Thus, inasmuch as the Trooper acted within the scope of his employment and La Frankie's claims do not fall within any category in which sovereign immunity is waived, Trooper Miklich is protected by immunity from the imposition of liability in this matter. Accordingly, judgment notwithstanding the verdict was properly entered by the trial court.

## ORDER

AND NOW, this 7th day of December, 1992, the order of the Court of Common Pleas of Northampton County is affirmed.

McGINLEY, Judge, concurring and dissenting.

I concur in the majority opinion that Trooper Miklich acted within the scope of his employment and that La Frankie's claims do not fall within any of the eight exceptions to sovereign immunity. However, I respectfully dissent to the portion of the majority opinion which concludes that the trial court's submission of the issue of La Frankie's guilt to the jury was error.

In the present controversy, La Frankie alleges in his complaint: that "a reasonably well trained police officer should have known that the affidavit in the underlying criminal case failed to established probable cause for an arrest warrant taking into account the actual amount and quality of information known to Miklich at the time of the application for an arrest warrant"; that "Miklich had no probable cause for the arrest that occurred on November 13, 1984"; and that Miklich "caused criminal proceedings to be issued against the Plaintiff, Patrick LaFrankie, with malice and without probable cause, and continued to pursue such charges without probable cause." Complaint, June 11, 1986, Paragraphs 41, 55 and 63; Reproduced Record (R.R.) at R13, R17 and R19.

Trooper Miklich denied that he was acting without probable cause in his answer and pled in New Matter that he "had

reasonable and probable cause to arrest Patrick La Frankie."
Answer and New Matter, December 12, 1986, Paragraph 76;
R.R. at R34. As to what constitutes probable cause, the trial
court instructed the jury as to the following:

> Probable cause means that the person making the arrest
> believed at the time of the arrest and a reasonable person
> under the same circumstances would also have believed that
> he had sufficient information as to both the facts and the
> applicable law to reasonably believe that a crime had been
> committed and that the person arrested was guilty of com-
> mitting the crime.

> Probable cause for an arrest exists when the facts and
> circumstances within the knowledge of the person making
> the arrest and of which he had reasonably trustworthy
> information were sufficient in themselves to warrant a per-
> son of reasonable caution in the belief that the person
> arrested had committed or was committing a crime.

Notes of Testimony, July 3, 1990, at 85. Herein the pleadings
sufficiently preserved the defense of La Frankie's guilt and I
believe that Trooper Miklich was not foreclosed from proving
La Frankie's guilt because this was not pled in New Matter.
Also, the trial court noted that the eyewitness testimony of
Jan Orwan identifying La Frankie as the person purchasing
merchandise with the Bielefeld's credit card "was sufficient
... to support a determination of guilt." Opinion of the Trial
Court, April 30, 1991, at 8; R.R. at R55. The trial court
correctly submitted the defense of La Frankie's guilt to the
jury.