

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-19-2007

# Story v. Mechling

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1601

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Story v. Mechling" (2007). *2007 Decisions.* Paper 1763.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1763

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1601
_____

LT. ERIC STORY,

Appellant

v.

NEAL MECHLING; STEVE GAVORCHIK;
CO. ED. JOHNSTON; DOREEN PLAVI;
ROBERT J. KERN; SCI-WAYNESBURG

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 02-cv-01432)
District Judge:  The Honorable Terrence F. McVerry

_____

Submitted Under Third Circuit LAR 34.1(a)
October 27, 2006

Before: SMITH, WEIS, and NYGAARD, Circuit Judges.

(Filed:  January 19, 2007)
_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

I.

Lieutenant Eric Story, a supervisor at the State Correctional Institute at Waynesburg, Pennsylvania, reported alleged prison policy violations by Corrections Officer Ed Johnston to his superiors in 1999. Over the next four years, Story alleges, prison officials denied him leave and transfer to another prison, failed to investigate threats against him from other employees, and manipulated prison policies to harass him. In addition, Story maintains Johnston physically attacked him at the prison.

During 2001, Story filed three administrative complaints against prison officials with the Pennsylvania Human Relations Commission. On August 19, 2002, Story filed a complaint with the U.S. District Court. He sought damages against prison officials under Title VII of the Civil Rights Act and 42 U.S.C. §1983 for retaliating against him for engaging in activity protected by the Civil Rights Act and the First Amendment, respectively. He also sought damages against Johnston for assault under Pennsylvania law.

Following discovery, the defendants moved for summary judgment. The District Court concluded Story failed to exhaust available administrative remedies before filing his Title VII claim, and that his retaliation claims failed because he failed to establish a causal link between his administrative complaints and alleged mistreatment. In addition, the District Court concluded Johnston was protected by Pennsylvania's sovereign immunity law. The District Court granted summary judgment in favor of the defendants and Story appealed. We will affirm.

2

## II.

### A.

Before filing a Title VII suit, an employee charging an employer with discrimination must file a complaint with the Pennsylvania Human Rights Commission (PHRC) within 300 days of the alleged discriminatory act, and allow 180 days to pass to permit the agency to resolve the dispute without litigation. 42 U.S.C.A. §2000e-5(e)(1) (2003); *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). A plaintiff must obtain a "right to sue" letter from the agency before filing a complaint with the District Court. *Id*. If the agency fails to take action after the 180-day period, the plaintiff may request a "right to sue" letter, and the agency must promptly provide one. *Id.* (internal citation omitted).

Story maintains he requested a "right to sue" letter, but the EEOC failed to notify him regarding the results of its investigation until it issued the letter on November 4, 2002. *See* 42 U.S.C.A. §2000e-5(f)(1) (2003). However, he has provided no evidence he requested the letter, nor any evidence of when he did so. Exhaustion is a non-jurisdictional requirement subject to equitable exceptions. *Burgh*, 251 F.3d at 470. Nevertheless, Story did not provide the District Court with any basis for excusing his failure to exhaust. Hence, he cannot proceed with his Title VII claim. *Id*.

### B.

We also find no error in the District Court's conclusion that Story failed to state a *prima facie* retaliation claim under §1983. To prevail on a First Amendment retaliation

3

claim under §1983, Story must establish 1) he engaged in protected speech; 2) his interest in the protected speech outweighs the Department of Corrections' countervailing interest in carrying out its services efficiently; and 3) the protected activity was a substantial or motivating factor in the alleged retaliatory action. *Baldassare v. New Jersey*, 250 F.3d 188, 194-95 (3d Cir. 2001).

Assuming, *arguendo*, Story's PHRC complaints constituted protected speech, *Hill v. Borough of Kutztown*, 455 F.3d 225, 242 n. 24 (3d Cir. 2006), the record indicates that most of the prison officials' alleged misconduct took place either before he filed his complaints, or more than two years after he did so.[1] The District Court properly concluded Story failed to show a causal link between his PHRC filings and the prison officials' alleged misconduct.

## C.

Story's assault claim against Corrections Officer Johnston also fails. Pennsylvania generally bars damages suits against state agency employees when they are acting within the scope of their employment. *LaFrankie v. Miklich*, 618 A.2d 1145, 1148 (Pa. Commw.

---

1. On appeal, Story posits he began to engage in protected activity when he made complaints to prison officials in 1999, rather than in 2001, when he filed his complaints with the PHRC. Story never made this assertion before the District Court; hence it is waived. *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 799 (3d Cir. 2001).

Ct. 1992). Johnston cannot be held liable for damages arising out of an intentional tort. *LaFrankie*, 618 A.2d at 1149. In addition, his alleged assault of Story does not fall within one of the statutory exceptions to sovereign immunity under Pennsylvania law. *See* 42 PA. CONS. STAT. ANN. §8522(b) (West 1998). We conclude that the District Court properly found Johnston was acting within the scope of his employment when he came into physical contact with Story, and is entitled to sovereign immunity under Pennsylvania law.

III.

The District Court properly concluded that Story failed to establish a causal link between his administrative complaints and alleged mistreatment. In addition, the District Court correctly held that Pennsylvania law bars Story's assault claim against Johnston. We will affirm the District Court's order granting summary judgment in favor of the defendants.

5