IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Douglas Ioven,               :
                             : No. 543 C.D. 2016
               Appellant     : Argued:  October 18, 2016
                             :
          v.                 :
                             :
Chief Thomas Nestel          :
and SEPTA                    :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge (P.)


OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  November 30, 2016


Douglas Ioven appeals from the November 17, 2015, order of the Court of Common Pleas of Philadelphia County (trial court) that granted the motion for judgment on the pleadings filed by Chief Thomas Nestel and Southeastern Pennsylvania Transportation Authority (SEPTA) (together, Appellees) and dismissed Ioven's complaint with prejudice.  We affirm.

Nestel is the chief of police for SEPTA.  Ioven, a former SEPTA employee, filed a complaint against Appellees alleging that Nestel published and distributed to various law enforcement agencies, an Officer Safety Bulletin (Bulletin) that contained false statements about Ioven.  The Bulletin stated that Ioven had pointed a loaded firearm at a pedestrian, did not have a permit to carry a concealed weapon, and impersonated a police officer on several occasions.  The complaint also

alleged that Nestel knew or should have known that the statements he made about Ioven were false and that Nestel acted within the course and scope of his employment when he made the statements. The complaint included claims against Nestel for slander, defamation, libel, and intentional infliction of emotional distress. The complaint also alleged that SEPTA was vicariously liable. Appellees filed preliminary objections, and on August 5, 2015, the trial court sustained Appellees' preliminary objections, in part, and dismissed the intentional infliction of emotional distress claim.

On October 2, 2015, Appellees filed a motion for judgment on the pleadings, requesting that the trial court dismiss Ioven's remaining claims based on sovereign immunity. On November 17, 2015, the trial court granted Appellees' motion for judgment on the pleadings and dismissed Ioven's complaint with prejudice. The trial court concluded that Ioven's claims were barred under section 8522 of Judicial Code, commonly known as the Sovereign Immunity Act, 42 Pa. C.S. §8522. This appeal followed.[1]

Initially, Ioven claims he can demonstrate slander and defamation *per se*, which bars Nestel from asserting sovereign immunity. We disagree.

---

[1] Appellate review of an order granting a motion for judgment on the pleadings is limited to determining whether the trial court committed an error of law or abused its discretion. *Holt v. Northwest Pennsylvania Training Partnership Consortium, Inc.*, 694 A.2d 1134, 1138 n.8 (Pa. Cmwlth. 1997) (*en banc*). "The motion may be granted only where no material facts are at issue and the law is clear that a trial would be a fruitless exercise." *Id.*

In accordance with 1 Pa. C.S. §2310, "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." SEPTA is a Commonwealth agency for purposes of sovereign immunity. *Nardella v. Southeastern Pennsylvania Transportation Authority*, 34 A.3d 300, 303 (Pa. Cmwlth. 2011). An employee of a Commonwealth agency such as Nestel, acting within the scope of his employment, "is protected by sovereign immunity from the imposition of liability for intentional tort claims." *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992) (*en banc*).

There are, however, nine exceptions to sovereign immunity, which are set forth in section 8522(b) of the Judicial Code, 42 Pa. C.S. §8522(b). The exceptions to sovereign immunity include: vehicle liability; medical-professional liability; care, custody, or control of personal property; Commonwealth real estate, highways, and sidewalks; potholes and other dangerous conditions; care, custody, or control of animals; liquor store sales; National Guard activities; and toxoids and vaccines. 42 Pa. C.S. §8522(b)(1)-(9).

Slander *per se*, defamation *per se*, and libel are not listed as exceptions to sovereign immunity. Ioven does not allege that any of the nine exceptions to sovereign immunity apply. Therefore, Ioven's claim is barred by sovereign immunity.

3

Next, citing section 8550 of the Judicial Code, 42 Pa. C.S. §8550, Ioven claims that immunity does not extend to acts constituting "actual malice" or "willful misconduct." *See Renk v. City of Pittsburgh*, 641 A.2d 289, 292 (Pa. 1994) ("[a]n employee's immunity does not extend to acts that are judicially determined to be crimes, actual fraud, actual malice, or willful misconduct."). Ioven alleges that Nestel committed intentional and willful misconduct when he knowingly created the Bulletin accusing Ioven of crimes, which Nestel knew Ioven did not commit. Ioven claims that Nestel cannot point to any criminal charges against Ioven to substantiate the allegations in the Bulletin.

As Appellees correctly argue, however, Commonwealth employees do not lose their sovereign immunity protection for alleged claims of willful misconduct. *Kull v. Guisse,* 81 A.3d 148, 154 n.5 (Pa. Cmwlth. 2013). Waiver of immunity only applies to actions of local agency employees, not to Commonwealth employees, where their actions constitute a crime, actual fraud, actual malice, or willful misconduct. *LaFrankie*, 618 A.2d at 1149 n.4.

Commonwealth employees do not lose their immunity for intentional torts, provided they are acting within the scope of their employment. *Kull*, 81 A.3d at 154 n.5. Here, Ioven admitted in his complaint that Nestel acted within the scope of his employment when he made the statements in the Bulletin. As such, the trial court properly concluded that Nestel is protected by immunity.

4

Finally, Ioven, relying on *Goldman v. Southeastern Pennsylvania Transportation Authority*, 57 A.3d 1154 (Pa. 2012), claims that SEPTA is not entitled to sovereign immunity.

In *Goldman* the Pennsylvania Supreme Court stated that SEPTA is not an arm of the state for purposes of sovereign immunity under the Eleventh Amendment to the United States Constitution. 57 A.3d at 1160. Ioven contends that following *Goldman*, SEPTA is not an arm of the Commonwealth for purposes of the Sovereign Immunity Act. We disagree.

State statutory immunity and Eleventh Amendment immunity are distinct concepts. *See Knox v. SEPTA,* 81 A.3d 1016, 1022 (Pa. Cmwlth. 2013). The *Goldman* court noted that interpretation of the Sovereign Immunity Act does not control resolution of the question of whether SEPTA has Eleventh Amendment immunity from claims under the Federal Employees Liability Act (FELA), 45 U.S.C. §§51-60. 57 A.3d at 1165 n.9.

In *Knox* this court explained:

A close reading of our Supreme Court's decision in *Goldman* shows that the Court did not hold that SEPTA is not a Commonwealth agency for purposes of the Sovereign Immunity Act. . . . The Supreme Court specifically noted that it was not deciding whether Section 8522 . . . barred any claims brought under FELA. . . . '[B]ecause the issue of whether SEPTA is an arm of the Commonwealth entitled under the Eleventh Amendment to claim the protection of the Commonwealth's sovereign immunity is a question of federal law,' the Supreme Court held that interpretation of the Sovereign Immunity Act did not control its resolution of this question. Accordingly, we decline to extend the

5

decision in *Goldman* to hold in this case that SEPTA is not a Commonwealth agency for purposes of the Sovereign Immunity Act.

*Id.* at 1022 (citations omitted). *See also Muldrow v. Southeastern Pennsylvania Transportation Authority (SEPTA)*, 88 A.3d 269, 273 (Pa. Cmwlth.), *appeal denied*, 99 A.3d 927 (Pa. 2014), which stated that "*Goldman* does not preclude us from holding that SEPTA is a Commonwealth agency for purposes of the Sovereign Immunity Act."

In this case, SEPTA and Nestel are protected by sovereign immunity and Ioven has failed to allege any exceptions thereto.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Douglas Ioven,                         :
                                       : No. 543 C.D. 2016
                    Appellant          :
                                       :
            v.                         :
                                       :
Chief Thomas Nestel                    :
and SEPTA                              :


# O R D E R


AND NOW, this 30<u>th</u> day of <u>November</u>, 2016, we hereby affirm the November 17, 2015, order of the Court of Common Pleas of Philadelphia County.


_____
ROCHELLE S. FRIEDMAN, Senior Judge