IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abimael Casiano,                            :
                    Appellant               :
                                            :
            v.                              :   No. 1086 C.D. 2018
                                            :   Submitted: March 15, 2019
Mail Inspector #5,                          :
Mail Inspector Supervisor,                  :
T.M. Kuzo, Theresa Delbaso                  :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                              FILED: July 10, 2019

            Abimael Casiano (Casiano), *pro se*, appeals an order of the Court of
Common Pleas of Schuylkill County (trial court) denying his petition to proceed *in
forma pauperis* and dismissing his complaint as frivolous pursuant to Pennsylvania
Rule of Civil Procedure No. 240(j).  On appeal, Casiano argues that his complaint
stated valid tort claims against employees of the Department of Corrections[1] that are
not barred by sovereign immunity.  For the reasons to follow, we affirm.

            Casiano is an inmate currently incarcerated at SCI-Mahanoy.  In April
2018, Casiano filed a complaint in the trial court seeking monetary damages for
alleged negligent handling of his mail while incarcerated at SCI-Mahanoy.  Casiano
alleged, *inter alia*, that on September 15, 2017, his sister mailed legal materials to

---

[1] The employees are Mail Inspector No. 5 (Inspector); Mail Inspector Supervisor (Supervisor);
T.M. Kuzo, the Grievance Officer (Officer Kuzo) at the State Correctional Institution at Mahanoy
(SCI-Mahanoy); and Theresa Delbalso, Superintendent of SCI-Mahanoy.  We refer collectively to
these employees as Department Employees.

him at SCI-Mahanoy. The mailroom returned this mail to his sister with the message "unapproved name/complete full inmate name needed." Complaint at 2, ¶7.

The complaint averred that the policy of the Department of Corrections (Department) requires that "[a]ll incoming mail must include the approved inmate name and department number." *Id*. at 3, ¶12. Casiano's approved name and institutional number are "Abimael Casiano, No. GK-8608." *Id*., ¶14. The complaint averred that Casiano's approved name and institutional number were written on the outside of the envelopes that his sister mailed to him. *Id*., ¶13. The complaint averred that his mail was returned "in retaliation" for a prior grievance he filed complaining about his mail not being delivered to him.[2] *Id*., ¶16.

In October 2017, Casiano filed a grievance complaining that he had not received his mail. Casiano requested that the Department reimburse his family $300 for their injuries. Complaint at 3, ¶17. Officer Kuzo denied the grievance, explaining that Casiano's mail was returned to his sister "because the name on the mailing was different from [his] commitment name." *Id*. at 4, ¶18. Officer Kuzo found that the "mailroom properly followed [the Department's policy] when staff refused [Casiano's] mail." *Id*., ¶19.

The complaint contained four counts. Counts I and II asserted that Inspector and Supervisor were negligent in the care, custody and control of Casiano's mail. Count III asserted that Officer Kuzo failed to address the mishandling of his mail, whether by reason of misfeasance or nonfeasance. Count IV asserted that Superintendent established or enforced policies, practices or

---

[2] Casiano alleged that, in June 2017, his sister sent him mail that he did not receive. Complaint at 2, ¶6. The mailroom returned the mail indicating that Casiano was not at SCI-Mahanoy. *Id.* at 3, ¶14.

customs that improperly prohibited the delivery of his mail. In addition, Casiano petitioned for leave to proceed *in forma pauperis*.

On July 6, 2018, the trial court denied Casiano's request for *in forma pauperis* status and dismissed the complaint as frivolous pursuant to PA. R.C.P. No. 240(j). Under Rule No. 240(j)(1), a court may dismiss a complaint:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

PA. R.C.P. No. 240(j)(1). "Frivolous has been defined as lacking an arguable basis in either law or fact." *Williams v. Syed*, 782 A.2d 1090, 1093 (Pa. Cmwlth. 2001).

The trial court concluded that the complaint failed to state a claim upon which it could grant relief. The trial court explained that Department Employees were insulated from the tort claim by sovereign immunity and, further, the complaint did not state Casiano had exhausted his administrative remedies. Finally, the trial court noted that the grievance records showed that Casiano's mail had not been properly addressed by relatives. Casiano appealed to this Court.

On appeal,[3] Casiano argues that his complaint stated valid claims against Department Employees for negligence, misfeasance and nonfeasance. He contends that these claims were not barred by sovereign immunity.

By way of background, "sovereign immunity protects Commonwealth officials and employees acting within the scope of their duties from civil liability."

---

[3] Our review determines whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

3

*Kull v. Guisse*, 81 A.3d 148, 154 (Pa. Cmwlth. 2013) (citing 1 Pa. C.S. §2310). This protection extends to claims for intentional torts. *Robles v. Pennsylvania Department of Corrections*, 718 A.2d 882, 884 (Pa. Cmwlth. 1998). However, the General Assembly has waived sovereign immunity for nine categories of acts involving negligence of a Commonwealth official or employee. Section 8522 of the Judicial Code, 42 Pa. C.S. §8522. Specifically, immunity is waived for negligent acts related to (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa. C.S. §8522(b). This Court has explained:

> [T]he test to determine if a Commonwealth employee is protected from liability is to consider "whether the Commonwealth employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity." *La Frankie v. Miklich*, [618 A.2d 1145, 1149 (Pa. Cmwlth. 1992)].

*Williams*, 782 A.2d at 1095.

In its 1925(a) opinion, the trial court focused on the personal property exception to sovereign immunity set forth in Section 8522(b)(3) of the Judicial Code, 42 Pa. C.S. §8522(b)(3). Under this exception, immunity may not be raised to claims for damages caused by:

> (3) Care, custody or control of personal property.--The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency, except that the sovereign immunity of

4

the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials.

42 Pa. C.S. §8522(b)(3). Casiano does not suggest that any other exception is relevant or applicable.

With respect to Casiano's negligence claims against Inspector and Supervisor, the complaint alleged that they had a duty to deliver all mail addressed to him, which they breached by carelessly returning this mail to his sister. Casiano directs this Court to *Williams v. Stickman*, 917 A.2d 915 (Pa. Cmwlth. 2007), to support his contention that his negligence claims against Inspector and Supervisor are not barred by sovereign immunity.

Department Employees respond that Casiano's allegations amount to a claim for an intentional tort. Department Employees contend that because they were acting within the scope of their employment, sovereign immunity bars a claim even for an intentional tort.

To state a claim for negligence under common law, Casiano must show that Department Employees "owed a duty of care to [him], [Department Employees] breached that duty, the breach resulted in injury to [him], and [he] suffered an actual loss or damage." *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998). "By definition, the alleged negligent conduct expressly excludes 'conduct that is intentionally, wantonly, or willfully disregardful of others' rights." *Washington v. Folino* (Pa. Cmwlth., No. 513 C.D. 2017, filed June 12, 2018), slip op. at 7 (quoting BLACK'S

5

LAW DICTIONARY 1133 (9th ed. 2009)) (unreported).[4] "[N]egligence denotes 'culpable carelessness.'" *Id*.

We conclude that Casiano's complaint did not state a cognizable negligence claim. Casiano does not allege any injury to himself as a result of Inspector or Supervisor's breach of the duty to deliver all mail addressed to him. In addition, he does not allege that he suffered a loss or damage, which is fatal to his negligence claim.

Further, Casiano's claim arises from alleged intentional, not negligent, acts. The complaint averred that the first time mail addressed to him was returned, the mailroom did so for the stated reason he was "not at SCI Mahanoy." Complaint at 3, ¶14. The second time mail was returned, it was in retaliation for his filing a grievance. *Id*., ¶16. These are intentional acts. This Court has stated that intentional conduct does not fall within the personal property exception to sovereign immunity. *La Frankie,* 618 A.2d at 1149. Accordingly, Casiano's claims against Inspector and Supervisor are barred by sovereign immunity.

Finally, Casiano's reliance on *Stickman*, 917 A.2d 915, is misplaced. In *Stickman*, the inmate filed a complaint against employees of the Department for damage to his television. The complaint averred that the inmate's television was in good working order when the Department took possession of it. However, when the Department returned the television, it was broken. This Court explained that sovereign immunity was not a defense to the inmate's negligence claim because the inmate set forth "a claim for damages to his television set caused by the care of the television set while it was in the possession of [the Department]." *Stickman*, 917

---

[4] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

A.2d at 918. Unlike *Stickman*, Casiano does not allege that Department Employees negligently damaged his property. Rather, his allegations are that the mailroom should have delivered mail to him and not returned the mail to its sender.

In sum, the claims against Inspector and Supervisor are barred by sovereign immunity. Accordingly, the trial court was correct in denying Casiano's *in forma pauperis* petition and dismissing his complaint.

Second, Casiano claims that Officer Kuzo had a duty to take corrective action to address the mishandling of his mail and did not do so. Casiano alleged that Officer Kuzo's actions or inactions constitute misfeasance and nonfeasance. In *Palmer v. Doe* (Pa. Cmwlth., No. 2451 C.D. 2015, filed May 5, 2016) (unreported), this Court explained:

> Misfeasance is defined as: "A lawful act performed in a wrong manner." BLACK'S LAW DICTIONARY 1021 (8th ed. 2004). Nonfeasance is: "The failure to act when a duty to act exists." *Id.* at 1080. As further explained in Black's Law Dictionary: "[T]here arose very early a difference, still deeply rooted in the law of negligence, between 'misfeasance' and 'nonfeasance'— that is to say, between active misconduct working positive injury to others and passive inaction or a failure to take steps to protect them from harm." *Id.* (quoting W. Page Keeton et al., PROSSER AND KEETON ON THE LAW OF TORTS § 56 at 374 (5th ed.1984)).

*Palmer*, slip op. at 7. As discussed above, the complaint averred that the mailroom did not deliver his mail and, instead, returned it in retaliation for his prior grievance complaining about the mishandling of his mail. Officer Kuzo determined that the mail was returned because "the name on the mailing was different from [Casiano's] commitment name" and that this comported with the Department's mail policy. Complaint at 4, ¶¶18-19.

7

The complaint did not allege that Officer Kuzo was negligent in performing his duties or that Officer Kuzo was acting outside the scope of his employment. Additionally, there is no cause of action for the mishandling of an inmate's grievance. *See Samuels v. Walsh* (Pa. Cmwlth., No. 318 C.D. 2014, filed November 17, 2014) (unreported). For these reasons, Casiano's tort claim against Officer Kuzo is barred by sovereign immunity.

Third, Casiano alleges that the Superintendent at SCI-Mahanoy established a policy that allowed his mail to be returned for "arbitrary and frivolous reasons." Complaint at 8, ¶36. Casiano did not allege that the Superintendent acted negligently or outside the scope of her duties. Therefore, the Superintendent's action is protected by sovereign immunity. *La Frankie*, 618 A.2d at 1149. Further, Section 8522(b)(3) of the Judicial Code does not waive sovereign immunity for officials or employees with respect to the creation and enforcement of policies. 42 Pa. C.S. §8522(b)(3).

For the foregoing reasons, we hold that the trial court did not err in denying Casiano's request to proceed *in forma pauperis* and dismissing his complaint pursuant to PA. R.C.P. No. 240(j). We affirm the order of the trial court.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Abimael Casiano, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1086 C.D. 2018 |
| | : | |
| Mail Inspector #5, | : | |
| Mail Inspector Supervisor, | : | |
| T.M. Kuzo, Theresa Delbaso | : | |

# **O R D E R**

AND NOW, this 10th day of July, 2019, the order of the Court of Common Pleas of Schuylkill County dated July 6, 2018, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge