# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Gibson, : 
                 Appellant : 
                      : 
        v. :   No. 1275 C.D. 2022
                      :   SUBMITTED: October 10, 2023
Bernadette Mason, et al. : 

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                  **FILED: November 2, 2023**

Inmate, Derrick Gibson, appeals *pro se* from an order of the Court of Common Pleas of Schuylkill County determining that his complaint was frivolous under Pennsylvania Rule of Civil Procedure 240(j)(1), Pa.R.Civ.P. 240(j)(1), and, therefore, denying his petition to proceed *in forma pauperis* (IFP) as moot. We reverse and remand.

On October 13, 2022, Inmate filed a complaint against Appellees, Superintendent Bernadette Mason and two corrections officers, stemming from an October 13, 2020 incident when he was housed in a restricted housing unit at State Correctional Institution (SCI)-Mahanoy and sprayed with pepper spray. His claims include assault and battery, intentional infliction of emotional distress, negligence, and breach of a duty to protect. By way of damages, Inmate seeks $1,200,000— $600,000 from each corrections officer.

Subsequently, the trial court's prothonotary sent Inmate a praecipe for certification with an attached petition to proceed IFP form to complete. Inmate completed the petition and returned it to the prothonotary's office where it was time-stamped October 24, 2022. Notwithstanding Inmate's compliance, the trial court dismissed the petition as moot and concluded that his cause of action was frivolous under Pa.R.Civ.P. 240(j)(1). Inmate's appeal followed.[1]

Pa.R.Civ.P. 240 (j)(1) provides:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed [IFP], the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

An action is deemed frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In finding Inmate's complaint to be frivolous, the trial court initially stated: "The cause of action alleged occurred on October 13, 2020, and [Inmate] filed on October 24, 2022, therefore outside the two-year statute of limitations pursuant to [Section 5524 of the Judicial Code,] 42 [Pa.C.S.] § 5524." October 26, 2022 Trial Ct. Order at 1. In an opinion rendered pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), the trial court asserted two additional grounds. It determined that Inmate did not file a written statement with the Office of Attorney General within six months of the alleged cause of action advising of the commencement of a civil action against a government unit for

---

[1] Appellees advised that they will not be participating in the appeal because the trial court dismissed the matter prior to service. April 12, 2023 Notice of Non-Participation at 1.

damages thereby warranting dismissal under Section 5522(a)(2) of the Judicial Code, 42 Pa.C.S. § 5522(a)(2). In addition, the trial court determined that the facts as alleged in the complaint indicated that the employees at SCI-Mahanoy were acting within the scope of their employment such that the doctrine of sovereign immunity applied.

The trial court erred in determining that the action is frivolous due to the filing date of the complaint. The complaint is time-stamped October 13, 2022, and the trial court's docket entries reflect that filing date. An action may only be commenced by filing with the prothonotary a praecipe for a writ of summons or a complaint. Pa.R.Civ.P. 1007. "No pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure shall be refused for filing by the prothonotary based on a requirement of a local rule of civil procedure or judicial administration, including local Rules 205.2(a) and 205.2(b)." Pa.R.Civ.P. 205.2. The trial court's prothonotary sent Inmate a praecipe for certification requesting that he fill out a petition to proceed IFP pursuant to Schuylkill County Local Rule 205.2(b). Consequently, Inmate's failure to file a petition with the complaint should not have affected the timely filing date of the complaint, which the trial court's prothonotary presumably recognized. It might have been different had Inmate failed to comply with the prothonotary's directive. Nonetheless, Inmate's October 13, 2022 complaint pertaining to the October 13, 2020 alleged incident was filed within the two-year statute of limitations period.

In addition, the trial court erred in concluding that Inmate had to comply with the statutory notice provision found in 42 Pa.C.S. § 5522(a)(1). The six-month limitation provision provides:

(a) Notice prerequisite to action against government unit--

    (1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit, and *if the action is against a Commonwealth agency for damages, then also file in the office of the Attorney General, a statement in writing, signed by or in his behalf*, setting forth:

    (i) The name and residence address of the person to whom the cause of action has accrued.

    (ii) The name and residence address of the person injured.

    (iii) The date and hour of the accident.

    (iv) The approximate location where the accident occurred.

    (v) The name and residence or office address of any attending physician.

    (2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury to person or property shall be dismissed and the person to whom any such cause of action accrued for any injury to person or property shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. The court shall excuse failure to comply with this requirement upon a showing of reasonable excuse for failure to file such statement.

42 Pa.C.S. § 5522(a)(1) and (2). "Government unit" is defined as "[t]he General Assembly and its officers and agencies, any government agency or any court or other officer or agency of the unified judicial system." Section 102 of the Judicial Code,

42 Pa.C.S. § 102. "Commonwealth agency" is defined as "[a]ny executive agency or independent agency." *Id*.

In the present case, Inmate sued the Superintendent and two corrections officers, not the Department of Corrections or other Commonwealth agency. While the definition of "government unit" includes officers of the General Assembly or the judicial branch, it does not similarly include officers or employees of executive agencies. Consequently, Inmate's failure to file a statement with the Office of the Attorney General does not bar him from proceeding further with his cause of action.

We turn next to the trial court's determination that the facts alleged in the complaint established that the employees at SCI-Mahanoy were acting within the scope of their employment such that the doctrine of sovereign immunity applied. An employee of a Commonwealth agency is immune from suit when he or she is acting within the scope of employment and the claim against him or her does not fit into any category in which sovereign immunity has been waived.[2] *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992). Immunity is not waived for intentional torts committed within the scope of employment. *Id*. at 1149.

In the present case, Inmate's claims included assault and battery causing physical injury, intentional infliction of emotional distress, negligence, and breach of a duty to protect, specifically alleging that he was sprayed with a chemical that caused severe pain and physical injury and that this unprovoked act was done in retaliation for his having filed an administrative grievance. Taking these allegations at face value, which we must do at this preliminary juncture, one certainly cannot

---

[2] The exceptions to sovereign immunity pertain to: vehicle liability; medical professional liability; care, custody or control of personal property; Commonwealth real estate; highways and sidewalks; potholes and other dangerous conditions; care, custody or control of animals; liquor store sales; National Guard activities; toxoids and vaccines; and sexual abuse. Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b).

5

say that such actions were so clearly within the legitimate scope of Appellees' employment as to make them entitled to sovereign immunity and render Inmate's complaint frivolous. While this may be the ultimate conclusion, there needs to be a more complete factual development before any such determination can be made.

Accordingly, we reverse and remand this matter to the trial court with directions to grant the petition to proceed IFP so long as Inmate satisfies the financial requirements. In addition, we will order Inmate to serve Appellees with his complaint and for Appellees to file a responsive pleading within twenty days of such service.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Derrick Gibson,                                :
                    Appellant          :
                                               :
        v.                                     :   No. 1275 C.D. 2022
                                               :
Bernadette Mason, et al.                       :

# **O R D E R**

AND NOW, this 2nd day of November, 2023, the order of the Court of Common Pleas of Schuylkill County is hereby REVERSED and this matter is REMANDED for further proceedings in accordance with the foregoing opinion. Further Appellant is ORDERED to serve the Defendants/Appellees with his complaint and Appellees shall file a responsive pleading within twenty days of such service.

Jurisdiction relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita